(No. 5412-)

WILLIAM A. DIVIS, JR., A Minor, by LILLIAN DIVIS, His Mother and Next Friend, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*
*Claimant's motion to reconsider issue of damages*
*denied April 13, 1971.*

COONEY AND STENN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; ETTA J. COLE, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

This is a claim for personal injuries sustained on July 3, 1966, as a result of a fall by claimant from a partially dismantled slide located at a play area in the Illinois State Park, Marseilles, Illinois.

Claimant alleges that respondent was negligent in maintaining the premises of the Illinois State Park in a dangerous condition, and more specifically that respondent was negligent in allowing the slide to remain on the premises in a defective condition without either giving warning of the condition or repairing or replacing the slide. From the testimony and the departmental report it may be seen that the slide in question was of the typical variety of slides, but that the portion, which children use to slide down, had been removed, leaving only the ladder and supporting poles standing.

The ranger at the Park, Mr. Glenn R. Hott, had put a chain with a "closed" sign across the ladder, but this had been removed by someone other than park officials, and thrown in a trash can sometime prior to July 3, 1966.

Claimant's first witness was Mr. Raymond Mills. Mr. Mills testified that he was a frequent camper at the Illinois State Park in Marseilles, Illinois; that he was present on July 3, 1966, the date of the accident, and that he had observed that the slide portion of the slide was missing. He further testified that the slide portion had been missing for a period of at least two years prior to July 3, 1966, and that he had frequently seen children playing on the ladder and poles, which remained. Mrs. Shirley Jean Mills, wife of Raymond Mills, testified that she had seen the slide in its defective condition during the summer of 1965, and that it was in this same dismantled condition on the date of the accident.

Mr. William Albert Divis, father of claimant, testified that, on July 3, 1966, he and his wife and their three children were camping in the park, and that they had paid the required fee for admission into the park. He testified that his son, then age 5, climbed to the top of the ladder, and started to come down by hanging onto one of the rungs, but that his hand slipped, and he fell sideways, landing on his right side.

Immediately following the fall, claimant was taken to Rayburn Hospital in Ottawa, Illinois, where his injury was diagnosed as a dislocation of the right elbow with comminuted supra-condylar fracture. He was given general anesthesia, and the fracture was reduced.

It is true that the State is not an insurer of the safety of those using the State's property, but the State does owe a duty to the public to exercise reasonable care in establishing, maintaining and supervising its parks. *Kamin vs. State of Illinois*, 21 C.C.R. 467; *Stedman vs. State of Illinois*, 22 C.C.R. 446. In this case, however, it is incumbent upon claimant to show that respondent had notice of the defective condition of the slide before this duty is placed upon respondent. The fact that the slide was observed in its dangerous condition two years prior to the accident, and the fact that respondent had previously erected a warning sign on the slide, establish that the State had notice, whether implied or actual, of the dangerous condition of the slide.

It is the opinion of this Court that respondent was negligent in allowing the dangerous condition to exist. The duty placed upon the State would require the State in this case to have either removed the remaining portion of the slide or to have erected a barricade or other obstruction, which could not be removed, in order to prevent children from playing on the slide. There is no question that this negligence was the proximate cause of claimant's injuries.

The remaining question concerns the extent of damages incurred by claimant as a result of this accident. Claimant's Exhibits Nos. 1-7, inclusive, admitted without objection, showed medical expenses in the amount of $767.25. Dr. Selig J. Kavka submitted a written report for respondent, which contains the following language:

"...on extension of the arms there was a slight outward bowing at the right elbow as compared with the left, incomplete flexion of the elbow, and barely touching the shoulder with the fingers.

Diagnosis: Fracture of the right arm, from history, healed, with slight deformity and impairment."

This Court is of the opinion that claimant has suffered substantial damage, and is hereby awarded the sum of $4,000.00.