(No. 6502– )

LOUISE MAZUREK, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH, Respondent.

*Opinion filed January 14, 1975.*

RICHARD G. FRENCH and WILLIAM H. WARVEL, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL and GEORGE MUSTIS, Assistant Attorneys General, for Respondent.

PERLIN, C. J.

Claimant, Louise Mazurek, seeks compensation for a broken leg suffered while a patient at Chicago Reed Medical Center in Chicago, Illinois, an institution operated by the respondent for treatment of the mentally distressed.

The facts are not in dispute. At about 2:00 a.m. on August 19, 1971, following a violent altercation in her home in which she threatened suicide, claimant was admitted to Chicago Reed Medical Center in Chicago, Illinois. Shortly after her admission, claimant was briefly placed in arm and leg restraints. The restraints were leather straps, locked with a key, and applied to both of claimant's arms and legs.

At about noon on August 19, after having been released from the restraints, claimant was given a sedative and she fell asleep in a ward bed. Sometime during the afternoon of August 19, while still sedated, claimant was again placed in arm and leg restraints.

Norman Castello, a ward attendant at Chicago Reed,

found claimant in the restraints at about 6:45 the following morning. Castello testified that when he removed the restraints, he noticed that claimant's right leg was black and blue and swollen in the area where the right leg restraint had been applied.

Claimant complained of pain in the leg, and was taken to Marquette Hospital where X-rays revealed comminuted fractures of claimant's right tibia and fibula. A full leg cast was applied, and claimant remained hospitalized for three weeks. She wore the cast for approximately four months, and for six to eight weeks thereafter, walked with the aid of crutches. Claimant was billed $465 by the State of Illinois Department of Mental Health for treatment of her broken leg.

The regulations of Reed Medical Center, which were introduced into evidence, provided that restraints may only be applied to a patient on the orders of a physician, and then only for two hours at a time. Castello said he did not know who had applied the restraints to claimant, and he said he was unable to locate a physician's order authorizing application of the restraints.

A state hospital is not an insurer of the well-being of its patients, but it does owe them a duty to exercise reasonable and ordinary care in their treatment. See, *Karulski* v. *Board of Trustees*, 25 C.C.R. 295, at 299. To recover for her injury, therefore, claimant must prove that respondent breached this duty owed her; that she herself was free of contributory negligence; and that respondent's breach was the proximate cause of her injury.

While the record does not explain precisely how claimant's leg was broken, it appears that her leg was undamaged when she was sedated in the afternoon of August 19. When she awoke on the morning of August

20, the leg was broken. At all times the instrumentalities which caused the injury were under the exclusive control of respondent, and the injury is one which ordinarily would not occur in the absence of negligence. This is, therefore, a proper case for application of the doctrine of res ipsa loquitur, which allows proof of negligence by circumstantial evidence when the direct evidence concerning the cause of an injury is primarily within the knowledge and control of the respondent. *Edgar County Bank and Trust Co.* v. *Paris Hospital, Inc.*, 57 Ill.2d 298, 312 N.E.2d 259.

In *Metz* v. *Central Illinois Electric and Gas Co.*, 32 Ill.2d 446, 207 N.E.2d 305, the court said:

"Whether the doctrine applies in a given case is a question of law which must be decided by the court, but once this is answered in the affirmative, it is for the trier of fact to weigh the evidence and determine whether the circumstantial evidence of negligence has been overcome by defendant's proof."

Respondent has presented no evidence to rebut the presumption of negligence raised by claimant, and in fact, respondent's brief contests only the amount of damages which claimant should be awarded. We, therefore, find that claimant has established that respondent negligently breached the duty of reasonable care owed to her, and that the breach was the proximate cause of her injury. As claimant was apparently unconscious at the time of the injury, she was presumptively incapable of contributory negligence.

Claimant contends that she suffered permanent damage from the incident. She complains of numbness in her leg, and alleges that the confirmation of her right leg does not match that of her left leg. By agreement of the parties, claimant was examined by Dr. John F. Gleason to determine the extent of her injury; and his report was admitted into evidence by stipulation. The report states that while there was a slight limitation of motion in

claimant's right leg, the fractures had healed well. Dr. Gleason concluded that claimant could pursue her normal activities without further treatment.

Claimant is hereby awarded the sum of $3,000.00.