(No. 74-315—

JOHN V. THIELIN, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 19, 1976.*

ROBERT J. GORMAN, Attorney for Claimants.

JOHN T. WARDROPE, Special Assistant Attorney General, for Respondent.

PERLIN, C. J.

This action arises out of a motor vehicle accident

which occurred on July 5, 1973, at the intersection of 35th Street and Wentworth Avenue in Chicago, Illinois. It is alleged by Claimants that a disabled State of Illinois emergency patrol truck, being pushed by another State emergency patrol truck, went through a red light at the intersection. The patrol truck struck a car being driven by Claimant, John Thielen, in which Judy Thielen, Nellmary Grady and Michael Daley were passengers. Nellmary Grady and John Thielen suffered personal injuries in the accident and Judy Thielen, the 13 year old daughter of John Thielen, suffered injuries which resulted in her death. Michael Daley has not made a claim for injuries.

The accident occurred at about 9:45 p.m. Claimants were returning from a trip to the Indiana Dunes and had just exited the Dan Ryan expressway at 35th Street. The weather was dry and visibility was good. John Thielen and Nellmary Grady were seated in the front of the car and Judy Thielen and Michael Daley were in the rear. All were wearing seatbelts.

Nellmary Grady and John Thielen both testified that their car was westbound on 35th Street and came to a stop at a red traffic signal at Wentworth Avenue. These were two lanes for westbound traffic at 35th Street at this point, and an additional lane for traffic turning left onto Wentworth. The Thielen car was in the right-hand curb lane as it waited for the signal to change, and there was another westbound car in the lane to their left.

As Claimants waited for the light to change a disabled State of Illinois emergency tow truck being driven by Edward W. Pietrzyk was being pushed southbound on Wentworth Avenue by another State of Illinois emergency patrol truck being driven by Walter Talkowski.

Nellmary Grady said that she first noticed the trucks when they were about one-half block from the intersection. She said she next noticed them when the Thielen car was in the middle of the intersection, and she yelled, "The truck, my God, there's a truck." She said the truck struck the car in which she was riding in the middle of the intersection and spun it into a traffic signal in the center of 35th Street and Wentworth Avenue.

Ms. Grady said that after the accident the driver of the truck that struck them said that he was sorry, and that "he didn't have any brakes."

John Thielen said that he had noticed the trucks southbound on Wentworth as he was stopped at the red light. He said that they appeared to be driving fast. He next observed them when they were about 300 to 400 feet from the intersection. He said he next saw the trucks when they were almost upon his car in the intersection after Nellmary Grady had shouted a warning.

John Thielen testified that the driver of the truck which struck the car had a conversation with him at the accident site in which he said, "My God, I'm sorry, I didn't have any brakes." It appears that in his deposition, he had testified that he had not had a conversation with the driver of the truck at the accident scene.

Artis Haywood, a Chicago police officer who was present at the accident site shortly after the occurrence, testified for Claimants. He said that he and Officer Sam Cottrano investigated the incident, arriving at the scene at about 9:55 p.m. Over defense objection he testified to a conversation at the scene with Mr. Pietrzyk, the driver of the truck which struck Claimant's car. He said that Pietrzyk told him that his truck had stalled and was

being pushed from behind by another State truck; that when he came to the traffic signal at 35th and Wentworth the light changed to red and he was unable to stop because his motor was not running and he did not have any brakes.

Officer Haywood also testified, over defense objection, to a second conversation with Mr. Pietrzyk at the hospital about 45 minutes to one hour later in which Pietrzyk again admitted running the red light because his vehicle was without brakes.

John Thielen said that his daughter, Judy, who had been riding in the rear of the car, was found in the trunk after the accident. She initially yelled out that she was unhurt, but seconds later told her father that she was injured. Judy Thielen died about one hour after the accident, after she had been taken to a hospital. Prior to the accident she had been in excellent health and had never been hospitalized.

At the time of her death Judy Thielen was 13 years old and had a life expectancy of 65.1 years. She was an above average student who engaged in normal school and community activities. She was one of four children both to John Thielen and his wife Mary who had died in January, 1973. Mr. Thielen said that Judy and he had had a close relationship, and that she had performed many household duties prior to her death.

A hospital bill in the amount of $156.50 for treatment rendered to Judy Thielen, and bills for burial expenses totalling $1,846.36, were introduced into evidence. The bills had been paid by John Thielen.

John Thielen was hospitalized following the accident with injuries to his head and lower body. His hospital and doctor bills totalled $1,728.80, and he testified to having experienced severe headaches and

blackouts after the accident. He claims approximately $4,300 in lost wages.

Nellmary Grady incurred medical expenses of $451 as a result of the accident and testified that she underwent therapy treatments for approximately 5 months after the accident for headaches, fainting spells and neck pains. She claims a wage loss of approximately $2,200.

Respondent did not call any witnesses in defense of this claim. Over the Claimants' objections, Respondent introduced into evidence two reports of the Department of Transportation of the State of Illinois, indicating that that traffic light was amber when Mr. Pietrzyk entered the intersection. Also introduced into evidence was a report of a test made on Pietrzyk's truck five days after the accident. The report states that at 20 miles per hour, without the motor operating, the truck stopped in 12 feet the first time, 21 feet the second time, and 22 feet on the third test.

In order to recover on their claims, Claimants bear the burden of proving by a preponderance of the evidence that the State's employees were negligent in operating the disabled emergency tow truck which struck the Thielen vehicle; that such negligence was a proximate cause of the death of Judy Thielen and the injuries to John Thielen and Nellmary Grady; and that Claimants were free from contributory negligence. *Foreman v. State,* 26 Ill.Ct.Cl. 299; *Schunck v. State,* 25 Ill.Ct.Cl. 209.[1]

1. Respondent makes a preliminary claim that the notice of intent to sue filed on behalf of the Estate of Judy Thielen in accordance with Section 22-1 of the Court of Claims Act, Ill.Rev.Stat., Ch. 37, §439.22-1, was invalid because it did not state the name and adddress of her attending physician. However, the notice does plainly state that there was no attending physician, as Judy Thielen was pronounced dead at the hospital to which she was taken. Claimant has therefore complied with the requirements of Section 22-1 of the Court of Claims Act.

We think that the negligence of Mr. Pietrzyk and Mr. Talkowski, the drivers of the State emergency vehicles involved in this occurrence, has been established. Both Nellmary Grady and John Thielen testified that immediately after the impact Pietrzyk came to their car and said, "My God, I am very sorry, I didn't have any brakes." Officer Haywood testified that Pietrzyk told him at the scene that the motor on his truck was dead, that he did not have any brakes, and that the light was red when he went through the intersection.

These admissions of Mr. Pietrzyk were properly admitted into evidence. *Perkins v. Chicago Transit Authority,* 60 Ill.App.2d 431, 208 N.E.2d 867. They establish that the State vehicle was being operated with insufficient brakes in violation of Ill.Rev.Stat., Ch. 95-1/2, 12-118(a), which requires that all motor vehicles have brakes adequate to stop such vehicles, and that Pietrzyk's truck did run a red light.

Respondent introduced no testimony to rebut the evidence offered by Claimants to establish these propositions and we therefore find that Claimants have established the negligence of Respondent by a preponderance of the evidence.

Respondent argues however that Claimants are not free of contributory negligence. Specifically, Respondent asserts that John Thielen was contributorily negligent in proceeding into the intersection when he had observed Respondent's trucks proceeding southbound on Wentworth Avenue, and that Nellmary Grady was contributorily negligent in failing to keep a proper lookout. However, we do not believe that either John Thielen or Nellmary Grady acted in other than a reasonable manner. Both were reasonably entitled to assume that Respondent's truck was being operated with proper brakes, and that it would stop at the intersection. Claimants

have established their freedom from contributory negligence by a preponderance of the evidence.

We further find that the negligence of the State was a proximate cause of the death of Judy Thielen, and the injuries suffered by John Thielen and Nellmary Grady.

With respect to the amount of damages to be awarded for the death of Judy Thielen, it is well settled that where a deceased leaves a lineal heir, there is a presumption of substantial pecuniary loss. *Baird v. Chicago, Burlington & Quincy Ry.,* 334 N.E.2d 920; *Hall v. Gillins,* 13 Ill.2d 26, 147 N.E.2d 352. It is therefore ordered that John V. Thielen, Administrator of the Estate of Judy Thielen, Deceased, be and hereby is awarded the sum of Twenty Thousand Dollars ($20,000.00).

It is further ordered that John V. Thielen be, and hereby is, awarded the sum of Seven Thousand Five Hundred Dollars ($7,500).

It is further ordered that Nellmary Grady be and hereby is, awarded the sum of Five Thousand Dollars ($5,000).