(No. 5518—)

W. R. MOUNT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 13, 1977.*

HARRIS, HOLBROOK & LAMBERT, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

SPIVACK, J.

Claimant seeks to recover from the State the value of seven yearling cattle and one cow which were killed as a result of the alleged negligence of a veterinarian who was employed by the Illinois Department of Agriculture.

A full hearing was conducted before Commissioner Robert F. Godfrey, who heard the testimony of several witnesses, received evidence and the briefs and arguments of Counsel. The Commissioner has duly filed his report which, together with the transcript, exhibits and briefs, is now before us. A brief summary of the facts so determined follows.

Claimant is a farmer on the Vienna Route in Johnson County. In February, 1968, he owned approximately 70 head of Black Angus cattle, including eleven yearlings which were required by State law to be tested for brucellosis. Near the end of January or the beginning of February, 1968, he was informed by Floyd Ford on behalf of the Department of Agriculture, a depart-

ment of the Respondent, that he would have to gather up his cattle to be tested for brucellosis by agents of the Respondent. Doctor William Prusaczyk, a veterinarian employed by the Respondent in the Department of Agriculture, met with the Claimant and discussed the exact date for the testing of the cattle. Shortly thereafter, on the date agreed, Doctor Prusaczyk and Mr. Ford appeared at the Claimant's farm to commence the testing for brucellosis. The Claimant's headgate, located in his barn, was used to conduct this testing of the cattle. The use of this headgate required the corraling of the cattle in one of two lots adjacent to the barn. The cattle were corraled in a feed lot which was sloped at one end, allowing mud and slush to collect at the bottom of the slope. On that particular morning, the feed lot was in a particularly muddy condition due to the winter weather and a heavy rain that had fallen the night previous to the testing.

Doctor Prusaczyk and Mr. Ford arrived at approximately eight o'clock that morning and set up their testing equipment at the headgate within the barn. When they were ready to begin, Dr. Prusaczyk told the Claimant to begin bringing his cattle into the headgate. As only one animal could be tested at a time the remainder of the cattle, while awaiting testing, caused the muddy, slushy condition of the feed lot to worsen. The mud and slush at the bottom of the slope became approximately 10 to 20 inches deep.

Dr. Prusaczyk, Mr. Ford, Robert Mount and the Claimant were inside the barn. Several of Claimant's agents and/or employees were outside herding and driving the cattle. Dr. Prusaczyk and Mr. Ford were conducting the brucellosis test. Robert Mount was operating the headgate chute. After approximately 15 to 20 cattle had been tested, it was noticed that they were

becoming extremely muddy, and Dr. Prusaczyk suggested to Claimant that the calves be separated. Claimant refused to do this. After testing approximately two-thirds of the cattle, seven head and one cow were discovered dead in the mud and slush of the feed lot having been trampled in the mud and suffocated.

In order to recover, the following elements must be proven by the Claimant by a preponderance of the evidence: (i) that he was not contributorily negligent, (ii) that the State of Illinois was negligent, (iii) that the negligence of the State was the proximate cause of the occurrence, and (iv) that damages naturally flowed therefrom.

It is our opinion that Claimant has not sustained his burden of proof with respect to either of the first two requirements.

The evidence clearly shows that Claimant's agents and/or employees were actually handling the cattle prior to being driven into the barn. Why they did not observe the animals being trampled is not explained, nor is the fact that the cattle apparently could have been corraled in another area which was not so muddy. Finally, nowhere does it appear that Claimant who was aware of the adverse conditions requested Respondent's agents to call a halt to the testing. The sum total of the foregoing is tantamount to contributory negligence on the part of the Claimant.

Insofar as Respondent's negligence is concerned, Claimant's sole contention, that "Dr. Prusaczyk knew of the hazardous condition and should have taken steps to avoid injury to the cattle," is wholly unsupported by the evidence. To the contrary, Dr. Prusaczyk did not know the condition of the corral, never having examined it, and the actual testing was conducted inside the barn.

When he suspected the danger by the muddied appearance of the cattle, he suggested a separation of the smaller ones, but his suggestion was refused by the Claimant.

For the foregoing reasons, the claim is denied.