(No. 76-CC-1144—

ROBERT TOLEN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1979.*

TERRY J. FOSTER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POCH, J.

The Claimant, Robert Tolen, seeks recovery of $2,825.00 as damages for the death of Claimant's cattle and other expenses incurred allegedly caused by the negligence of employees of the Illinois Department of Agriculture in administering a test to his cattle for brucellosis disease.

The evidence was heard before a Commissioner of the Court. On September 2, 1975, the Claimant was a farmer who owned various types of cattle on his farm in Massac County, Illinois. The Claimant had been told to have his cattle ready for testing on the morning of September 2, 1975. At that time, a veterinarian employed by the State, Dr. William Prusaczyk, and James Walker, an animal health inspector from the Department of Agriculture, arrived at the Claimant's farm. Twenty-seven head of cattle were tested out of a herd of 48 cattle owned by the Claimant. The cattle to be tested were placed in a barn and led into a chute where a blood sample was taken by Dr. Prusaczyk. As soon as the sample was taken each animal was released. The taking of a blood sample from each animal took only a few seconds. The Claimant testified that during the testing the animals became excited and frightened. This was contradicted by James Walker. Dr. Prusaczyk was not called as a witness by either the Claimant or the Respondent.

While it was apparently very hot and humid that

day the testing was completed by 11:30 a.m. and took approximately one hour to complete.

Subsequently in the days following the testing procedure some of the animals tested died. Others that were not tested also died. Others lost weight. The Claimant did not call a veterinarian until September 12, 1975, some ten days after the testing and after some of the herd became ill and/or died. Dr. Charles Diekroger, a veterinarian, in Massac County in private practice, was called to Claimant's farm on September 12, 1975. He saw several cattle that had died and others which were ill. Antibiotics were administered to the cattle and thereafter only one more died. Dr. Diekroger performed an autopsy on one of the cattle that had died and was of the opinion its death was caused by pneumonia, which could be caused by a number of factors other than stress in hot, humid weather. Dr. Diekroger could not tell what caused the pneumonia. There was no lay or expert evidence presented that would prove that the pneumonia was caused in any way by the testing procedure of September 2, 1975, or the weather on that day. There is no proof as to what caused the cattle to contract pneumonia. Dr. Diekroger testified that cattle could be infected with pneumonia and within 48 hours could cause them to fall down. (sic) The cause of the pneumonia infection was not established.

The Claimant alleges that the State was negligent in administering the brucellosis test to the cattle in that it was too hot and humid which caused the animals to be overexerted, over-excited and nervous.

This case is similar in some respects to *Porter v. State, 25 Ill.Ct.Cl. 62 (1965).* In *Porter* the Claimant sought recovery of damages for the death of a cow subsequent to the administration of a test for brucello—

631

sis by the same Dr. William Prusaczyk. While there are factual dissimilarities in the instant case from those found in *Porter,* the law is well settled. In order for Claimant to recover he must prove by a preponderance of the evidence that the death or injury was caused by an unskilled or negligent act of an agent of the State. In *Porter* the claim was denied where the Claimant failed to prove the specific cause of death as well as any negligence on the part of the State.

In the instant case the Claimant has failed to prove that the State, acting through its agents, Dr. Prusaczyk or Mr. Walker, were negligent in handling the Claimant's cattle. There has been no proof that either the testing itself or the manner in which it was administered was related to the death of the cattle. There is no proof that the cattle died as the result of the acts of State employees. The Claimant has failed to establish that the State had anything to do with the death or other claimed loss in value to the cattle. No negligence has been established. The Claimant did not prove by a preponderance of the evidence that the Respondent was negligent and that such negligence was the proximate cause of his loss. The cattle could have died from any number of causes. Some of the cattle that died were not even tested by Dr. Prusaczyk. This absence of proof requires that the claim be denied.

The claim of Robert Tolen is denied.