(No. 78-CC-1343-

LOLA KROTSER, Administrator of the Estate of Steven Krotser, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 29, 1980.*

LEE PHILLIP FORMAN, for Claimant.

WILLIAM J. SCOTT, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant, Lola Krotser, seeks a recovery based upon tort against the Respondent through the Depart-

ment of Mental Health and Developmental Disabilities, for the death of her son Steven.

Both the Claimant and Respondent have entered into the joint stipulation of facts which follow:

Steven Krotser was born August 15, 1968, and sometime thereafter suffered serious physical impairment which required placing him under the care of the Respondent.

1. The Department of Mental Health and Developmental Disabilities assumed the care and treatment of Steven Krotser in 1971. He was placed at Lincoln Center and on February 19, 1975, he was transferred from Lincoln Center to William W. Fox Developmental Center in Dwight, Illinois.

2. While at Fox Center a conventional child's wheelchair was acquired for Steven's use. Over a period of time, based upon recommendations of doctors, nurses, technicians, and therapists, that wheelchair was altered and modified to meet the specific and individual needs of Steven Krotser. Based upon the written report of Claimant's wheelchair expert and based upon the report and discovery deposition of Respondent's wheelchair expert, said chair, with its design changes and modifications, was safe for its intended use and specifically safe for the use of Steven Krotser.

3. On March 1, 1980, Steven Krotser was fed, and placed in his wheelchair awaiting his turn for bathing. Another patient was brought to the bathing area first, leaving Steven Krotser unattended for a short period of time. Later Steven was discovered slumped down in the wheelchair strangling by the upper chest belt. The medical staff made prompt and proper attempts to resuscitate Steven Krotser, to no avail.

4. Based upon the beforementioned expert reports, Steven Krotser would not have been able to slip down in his wheelchair if the lap belt was securely in place. Furthermore, based upon the physical condition of Steven Krotser, and the design of the wheelchair, the experts' opinions indicate that it would have been impossible for Steven Krotser to unbuckle or loosen the lap belt himself. The instrumentalities which caused Steven Krotser's death were at all times in the exclusive control of Respondent.

5. Based upon the above stipulated facts Respondent agreed to the entry of an award of $23,126.37 less the set-off as stated below:

At the time of Steven Krotser's death his family pursuant to the financial responsibility statutes of the State of Illinois were indebted to Respondent for the care and treatment of Steven.

A judgment had been entered based upon said debt in the amount of $4,323.04 in Municipal Department of Cook County case number 77M1145857, and from the time of that judgment until his death, an additional $803.33 obligation was incurred, resulting in a total unpaid balance of $5,126.37.

The parties agreed that the unpaid obligation of $5,126.37 shall act as a set-off against the agreed settlement of $23,126.37, resulting in a net award to Claimant in the amount of $18,000.00.

In the case of *Mazurch v. State of Illinois* (1975), 30 Ill. Ct. Cl. 247, also involving mental health, the Court addressed itself to a similar legal situation at page 250:

"At all times the instrumentalities which caused the injury were under the exclusive control of Respondent, and the injury is one which ordinarily would not occur in the absence of negligence. This is, therefore, a proper case for application of the doctrine of res ipsa loquitur, which allows proof of negligence by circumstantial evidence when the direct evidence concerning the

cause of an injury is primarily within the knowledge and control of the respondent."

The Court has reviewed the facts set forth in the joint stipulation and considered the legal conclusions. It appears that the stipulation is accurate, thorough, and that it has been entered into legitimately. It also appears that the facts agreed upon are legally sufficient to sustain Claimant's cause of action and the granting of an award would be fair and consistent with the findings.

While the Court is necessarily limited, in its findings of fact, to those facts presented to it by the parties, it is not bound by a stipulation between the parties as to the amount of an award to be granted, just as it is not bound by such a stipulation in its findings of law.

It is the opinion of the Court, however, that based upon the undisputed facts before it that the Respondent is liable to the Claimant.

The Court is also of the opinion that an award of $23,126.37, less a set-off of $5,126.37, is fair and reasonable compensation for the losses suffered by Claimant.

It is hereby ordered that the sum of $23,126.37 be awarded Claimant, less a set-off of $5,126.37, resulting in a net award of $18,000.00.