(No. 7103–)

MICHAEL CYPERSTEIN, Administrator of the Estate of Edward Cyperstein, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 18, 1981.*

*Order on denial of motion for reconsideration filed October 23, 1981.*

SIDNEY ROBIN, LTD., for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL M. SENGPIEHL, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant, Michael Cyperstein, administrator of the estate of Edward Cyperstein, deceased, brought this action for a wrongful death of the deceased against the State of Illinois. Claimant alleges that the negligence of the State, through its agents, caused the death of Edward Cyperstein on October 13, 1971, at the Manteno State Hospital in Manteno, Illinois.

From the evidence introduced at numerous hearings, Edward Cyperstein was a patient in Respondent's various mental institutions since June 6, 1967. On August 31, 1971, he was a patient at Manteno Mental Health Center and remained there until his death, October 13, 1971. As a patient he was highly agitated, hyperactive and combative. His condition was diagnosed as schizophrenia, chronic undifferentiated type. He was treated by the staff doctors at Manteno Hospital by a combination of drugs known as phenothiazines, namely: Mellaril and Thorazine.

The evidence shows that Respondent's physicians administered a combination of phenothiazines that were more than double the maximum daily dose of Mellaril set forth by the manufacturer. After eating his dinner on October 13, 1971, decedent retired to his bed where he

was found to be dead approximately one hour later. The coroner who performed the autopsy on Edward Cyperstein issued a death certificate stating that the immediate cause of death of Edward Cyperstein was aspiration of gastric contents, terminal, a condition that lasted for minutes prior to the death as a result of the underlying cause of phenothiazine poisoning that lasted for days/weeks.

Claimant presented two medical experts, Dr. Leonard Elkun and Dr. Seymour Ehrenprifs, whose opinions were that the overdosage of phenothiazine was very likely responsible for the death of Edward Cyperstein.

Respondent presented testimony of Dr. Martin Wendkos, a specialist in internal medicine and cardiovascular disease. This witness testified that the decedent herein did not die of phenothiazine poisoning. He testified that the Federal Drug Administration approved dosages given in a hypothetical question, could not cause phenothiazine poisoning or sudden death.

Respondent also presented testimony of Dr. John M. Davis, who was of the opinion that the decedent did not have phenothiazine poisoning. An additional witness for Respondent, Dr. Frank F. Fiorese, a toxicologist, also expressed the opinion that the quantity of phenothiazine in the blood of the decedent was not sufficient to cause his death.

The court has carefully reviewed the testimony, which is lengthy and extensive medical evidence from both parties. The briefs of the parties, which the authorities relied on, are helpful to the Court but it is well settled that a State hospital is not an insurer of the well-being of its patients; it does owe them a duty to exercise reasonable and ordinary care in their treatment. (*Mazurek v.*

*State* (1975), 30 Ill. Ct. Cl. 247, 249.) The Claimant has the burden of proof by a preponderance of the evidence that the State breached the duty owed to the decedent; that the decedent was free of contributory negligence and that the State's breach was the proximate cause of the death. A review of all the evidence shows that the Claimant has met this burden.

The evidence presented by the Claimant is both credible and competent and given the weight and credibility to which it is entitled established the proof in favor of the Claimant. In addition the coroner's report and death certificate established the cause of death which was the result of the underlying cause of phenothiazine poisoning lasting for days/weeks.

The decedent was administered a dosage of drugs which exceeded manufacturer's recommendations. Such a deviation creates *prima facie* evidence of negligence. (*Ohligschlager v. Proctor Community Hospital* (1973), 55 Ill. 2d 411, 416, 303 N.E.2d 392, 396. See also *Rinehart v. State* (1977), 31 Ill. Ct. Cl. 353, 357.) The State is responsible for the negligent actions of its employees, in this case the physicians who treated the decedent. *Foster v. Englewood Hospital Association* (1974), 19 Ill. App. 3d 1055, 1061, 313 N.E.2d 255, 259.

The overdosage of drugs administered to the decedent by the agents of the Respondent, in violation of the duty owed and the standard of care required, constituted actionable medical malpractice, which was the proximate cause of Edward Cyperstein's death. The State's arguments to the contrary are not persuasive.

The Claimant seeks damages in the sum of $100,000 plus costs of burial of the decedent. At the time of the decedent's death the statutory limit on damages was

$25,000.00. (Section 8 of the Court of Claims Act, Ill. Rev. Stat. 1969, ch. 37, par. 439.8.) Therefore, that statutory limit shall apply to any recovery in this case.

At the time of his death, Edward Cyperstein was approximately 21 years of age. He had worked at a box factory for approximately two weeks and at Motorola Corporation for about two days, He had contributed very little over a period of three years preceding his death to the support of his parents. There is testimony in the record that if properly medicated the phenothiazine could have cured the decedent and he could have gone on to a regular life.

In this case the decedent left his parents as his survivors. It is well settled that if he left a lineal heir there is a presumption of substantial pecuniary loss. (*Theilin v. State* (1977), 31 Ill. Ct. Cl. 449, 455.) While there are parents surviving a deceased child there is also a presumption of substantial loss. (*Ferraro v. Augustine* (1964), 45 Ill. App. 2d 495, 196 N.E.2d 16.) This applies even where the decedent is an adult and the lineal kinsmen are adults. (*Naslund v. Watts* (1967), 80 Ill. App. 2d 464, 472, 224 N.E.2d 474, 478.) Where the facts indicate a reasonable expectation of securing some pecuniary benefit or advantage from the continued life of an adult child there is a sufficient basis for the recovery of substantial damages by the parent. *Dodson v. Richter* (1962), 34 Ill. App. 2d 22, 180 N.E.2d 505. See also *Baird v. Chicago, Burlington & Quincy Railroad Company* (1976), 63 Ill. 2d 463, 470, 349 N.E.2d 413, 417.

The presumption has not been overcome by the State. Based on the evidence the sum of twenty-five thousand dollars is compensation to the Claimant due to the unfortunate loss of the decedent.

It is hereby ordered:

That the Claimant, Michael Cyperstein, administrator of the estate of Edward Cyperstein, deceased, be awarded the sum of twenty-five thousand dollars ($25,000).

## ORDER ON DENIAL OF MOTION FOR RECONSIDERATION

POCH, J.

This matter comes before the Court upon a motion filed by Respondent for reconsideration of the opinion heretofore entered and after oral argument.

It is hereby ordered:

That Respondent's motion for reconsideration be, and the same is, denied, and the Court's opinion granting an award is confirmed.