(No. 83-CC-2334—)

KATHY STANLEY, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed November 21, 1985.*
*Order on motion to dismiss filed April 4, 1986.*
*Order on motion to dismiss filed September 8, 1986.*

HEYL, ROYSTER, VOELKER & ALLEN, for Claimant.

FRANKLIN, FLYNN & PALMER, for Respondent.

MONTANA, C.J.

This cause is before the court on Respondent's motion for directed verdict at the close of Claimant's case in chief. Respondent's position is that the evidence adduced by Claimant during its case in chief, even when viewed in the light most favorable to Claimant, does not establish a *prima facie* case of negligence.

Claimant filed her claim against the board of trustees of the University of Illinois alleging a breach of contract and negligence in the treatment of her horse, Sylvan Motaj, an Arabian gelding during a lameness examination which was performed on the horse.

At the end of March 1981, Sylvan Motaj, known hereafter as "Mo," injured himself. A decision was made to bring "Mo" to the University of Illinois at Champaign for an examination to determine the nature of the injury. Upon examination by Dr. Boero of the University of Illinois Large Animal Clinic, a series of X rays and a CT-scan were ordered for the front legs of the horse.

The facility at the University of Illinois had the only CT-scan capabilities in the area.

Claimant testified that before the CT-scan, she advised two students or technicians who were going to tranquilize the horse that "this horse does not do well on Rompun. It's not a good tranquilizer for him." The tranquilizer was given to the horse before she could object further. The CT-scan proceeded.

Because no problems were detected with respect to the front legs, the CT-scan was directed to the hind legs of the horse. Also the horse was repositioned to accomplish this with the very active assistance and direction of Claimant. At that point, Claimant told a person raising the equipment to be careful. Nonetheless, the equipment did touch the horse. The horse then kicked and injured his left hind leg. The cut went to the bone. According to Claimant, because of the injury the horse is not capable of being a show horse and can only be a trail horse. Claimant was not able to complete a pending sale and had expenses for veterinarians and other consequential expenses.

The cross-examination indicated Claimant discussed the CT-scan with Dr. Boero but did not tell him anything about not using Rompun. She did not place any information about Rompun in writing, did not order the technician to stop injecting Rompun, and did not ask the technician for his name.

At the trial, at the close of Claimant's case, Respondent made a motion for directed verdict. The Commissioner ruled that under the present rules of the Court of Claims, the Commissioner did not have the authority to grant such a motion. However, the Commissioner required the Respondent to go forward with its case without prejudice to its position that it was entitled to a directed verdict at the close of Claimant's case.

In deciding the motion for directed finding as to the tort claim, the Court must look solely to the evidence presented by Claimant in its case in chief and examine that evidence and determine if a *prima facie* case of negligence has been made. For Claimant to prevail on a tort theory, Claimant has the burden of proving by a preponderance of the evidence that the State of Illinois was negligent, that such negligence was the proximate cause of the injury and that damages naturally flowed therefrom. (*Mount v. State* (1977), 31 Ill. Ct. Cl. 304.) A State hospital is not an insurer of the well-being of its patients but it does owe them a duty to exercise reasonable and ordinary care in their treatment. (*Mazurek v. State* (1975), 30 Ill. Ct. Cl. 247.) To recover on the tort theory of liability, Claimant must prove the Respondent breached this duty owed to her. The State was under a duty to use such reasonable care as the known conditions required. (*Ingram v. State* (1979), 33 Ill. Ct. Cl. 134; *Todd v. State* (1978), 32 Ill. Ct. Cl. 87.) Unless Claimant can prove the agents of the State were negligent, that the CT-scan was improperly administered, or the injection of Rompun was a negligent act, then the claim must fail. *Tolen v. State* (1979), 32 Ill. Ct. Cl. 628.

Respondent in its motion for directed finding as to the tort claim argues that no evidence was elicited by Claimant by any expert testifying to the effects of the

drug Rompun or that the administration of the drug was the proximate cause of the injury to the horse.

Claimant argues that the technician permitting the equipment to touch the horse was proof of negligence, that the negligence was so gross that experts are not required, and that the doctrine of *res ipsa loquitur* is applicable. However, the arguments of Claimant are in the most part based on the testimony of Dr. Boero. This testimony will not be considered in determining the motion for directed finding because it was elicited in the Respondent's case.

Respondent is correct that no expert testimony was elicited during Claimant's case in chief concerning the effects of Rompun, the standard of care in the community, or that the administration of Rompun was a proximate cause of the injuries to the horse. Therefore, Claimant has failed to meet its burden of proof. *O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12; *Porter v. State* (1965), 25 Ill. Ct. Cl. 62.

*Res ipsa loquitur*, while applicable to medical malpractice cases, is of no help to Claimant because Claimant actively assisted in positioning the horse and therefore Respondent was not in exclusive control. Further, there is no evidence that making contact with the horse during a CT-scan is a deviation from the normal standard of care. (*Krotser v. State* (1980), 33 Ill. Ct. Cl. 244; *Ingram, supra; O'Donnell, supra.*) Put another way, there is no evidence that it was negligence on Respondent's part because a part of its equipment touched the horse.

The motion for a directed finding on the negligence theory of liability is granted and the cause of action for negligence is dismissed. The case is remanded for the parties to brief their positions on the breach of contract theory on an expedited basis.

## ORDER ON MOTION TO DISMISS

Montana, C.J.

Respondent has moved for an order of dismissal due to Claimant's failure to file her brief with respect to the breach of contract theory by January 27, 1986.

It is hereby ordered as follows:

a. Claimant is granted 30 days from the date of this order to file her brief with respect to the breach of contract theory. No further extensions will be granted.

b. If Claimant's brief is not timely filed, upon motion by Respondent, this claim will be dismissed.

c. Respondent's motion to dismiss is denied for the present without prejudice to Respondent renewing the motion if Claimant does not comply with the provisions of this order.

## ORDER ON MOTION TO DISMISS

Montana, C.J.

Respondent has moved for the entry of an order of. dismissal due to Claimant's failure to file her brief in accordance with the order of this Court filed on April 4, 1986.

Because Claimant has not complied with this Court's order of April 4, 1986, which stated that if Claimant failed to file her brief within 30 days of April 4, 1986, this claim would be dismissed, it is hereby ordered that this claim is dismissed.