(No. 89-CC-2135—)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of DEAN and MILDRED TAYLOR, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 5, 1992.*

DRAKE, NARUP & MEAD (RANDALL A. MEAD, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

On August 1, 1988, Claimant's insureds, Dean Taylor and Mildred Taylor, were camping at pad 181 of the Shady Rest area of Wayne Fitzgerald State Park, a State campground maintained by the Department of Conservation. Parked on said pad was their 1988 Chevrolet extended cab truck with a camper and a 32-foot Holiday President pull trailer. The trailer was backed onto the pad and the truck parked facing the trailer so that the left side of the truck was aligned with the right side of the trailer. The Taylors were inside their trailer when they heard a loud noise. Mr. Taylor went outside and saw a riding lawn mower passing the left side of the truck, go around the truck and pass the left side of the truck and right side of the trailer. The course taken by the mower was corroborated by the mower driver.

Claimant's insured testified that the mower discharge was pointed at the trailer as it moved on each side of the trailer. He also testified that the discharge chute of the mower was located on the right-hand side. Robert Christensen, the mower driver who operated this particular mower for years, testified that the discharge chute was fixed on the left side. Larry Leitner, supervisor at Wayne Fitzgerald, testified that he is familiar with this particular machine and that it discharges to the left. Christensen stated that he kept the discharge chute pointed away from the trailer as he went about his assignment of mowing the area. Mr. Christensen·testified that there were hickoiy hulls on the ground in the area being mowed and that one may have been picked up by the mower which he imagined could have bounced off a tree and then struck the camper. There was no direct evidence or testimony that such was what took place. Claimants sustained damages of $2,299.78 to their vehicles.

As maintained by Claimant and Respondent, the State owes a duty of reasonable care to the users of its parks. (*Divis v. State* (1969), 27 Ill. Ct. Cl. 135.) The State is liable when one of its employees, acting within the scope of their employment, breaches that standard. (*Thielin v. State* (1976), 31 Ill. Ct. Cl. 449.) The issue here is whether the State, by its employee, exercised reasonable care in this instance.

As argued by Respondent in its brief, the crucial factual issue here revolves around the direction of the discharge from the mower. If the discharge was to the right and toward the truck and trailer as testified by the Claimants, the State could be liable; however, if the discharge was to the left and away from the truck and trailer, then discharge directly from the mower could

not have caused the damage to the truck and trailer. The only way damage could have occurred was by some remote possibility.

The evidence regarding the direction of the discharge is in direct conflict. Mr. Christensen testified that he had been operating this mower for years and that it had a fixed discharge to the left. He further testified that he was following clearly established custom and practice by driving the mower in a circular pattern so as to always point the discharge in a direction away from occupied pads. This testimony was confirmed by Mr. Leitner. Respondent's witnesses testified that the mowing was done using customary procedure and may, therefore, be considered in determining whether due care has been exercised in a given situation. *Denniston v. Skelly Co.* (1977), 47 Ill. App. 3d 1054.

This Court has consistently held that the burden of proof in a negligence action is upon the Claimant and that Claimant must prove by a preponderance of the evidence that the State was negligent. (*Hoekstra v. State* (1985), 38 Ill. Ct. Cl. 156; *Fausch v. Board of Trustees of University of Illinois* (1989), 42 Ill. Ct. Cl. 175.) Claimant failed in meeting its burden of proof.

It is hereby ordered that this claim is denied.