Mary Jane Storen, Minor, by The Trust Company of Chicago, Guardian, Appellee, v. City of Chicago, Appellant.

**Gen. No. 40,495.**

BURKE, J., dissents.

Opinion filed June 21, 1939.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

JOSEPH D. SHANE, of Chicago, for appellee; GILBERT A. SIEGEL and LESTER E. WILLIAMS, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

The city of Chicago brings this appeal from a judgment entered in the circuit court in favor of plaintiff for the sum of $15,000 and against the defendant city of Chicago because of injuries alleged to have been sustained by plaintiff.

The only question involved in this appeal is whether or not the city of Chicago is liable for injuries which plaintiff sustained because of said city having failed to construct and maintain a section of curbing 10 feet 5 inches in length which was removed or omitted from the rest of the curb and was flush and level with the street pavement. The defendant alleges that this was done for the purpose of a driveway.

The evidence shows there was no driveway at the place in question; that this removal or omission of a portion of the curb was usually employed to permit and aid in the passage of vehicles from the pavement of the street on to private property but that no pavement had been laid leading from the street across the parkway and sidewalk; that in the center of the parkway was a fire hydrant; that the accident happened at or near 83rd and Marquette streets in the city of Chicago; that the building at the northeast corner is a two-story brick, being no. 2700 Eighty-third street; that there is a building adjacent to and east of it; that 83rd street from curb to curb, is 44 feet wide; that the pavement has a crown center and the elevation from the center to the north curb line varies one to six inches; that at a point opposite the east crosswalk of Marquette street there is a four inch crown; that at 100 feet east of that point there is a six inch crown; that the pavement slopes so water runs on the pavement to the inlet which lies 100 feet east of the crosswalk.

The evidence further shows that on the evening of November 22, 1935, between 5:00 and 5:15 o'clock in the evening, Mary Jane Storen, the plaintiff, aged seven, was playing around the fire hydrant at this corner with some girls; that a Chevrolet coach, owned by Edward Filmanowicz, was parked alongside the north curb in front of his drug store at 2702 East 83rd street, facing west; that the front end of the car was even with the center of the store window and the wheels were alongside the curb; that a car going west on 83rd street, struck the parked Chevrolet and as a result it rolled from in front of the drug store along the street curb until it reached the place where there was no curb, it then turned on to the parkway where children were playing and crushed the child plaintiff against a fire plug on said parkway, injuring her as alleged.

The evidence further shows that as a result of the injuries sustained it was necessary that plaintiff's leg be amputated and she was obliged to remain in the

hospital several months; that two operations were necessary and she suffered divers injuries to her chest, abdomen and spine and severe shock and injuries to her nervous system and that she suffered great pain and also that she is permanently injured. In view of the fact that the defendant does not contest the amount of the damages sustained, we shall make no further comment on the injuries which plaintiff sustained.

There does not seem to be any dispute as to how the accident occurred.

A witness by the name of Hybert testified that he saw the accident as he was standing in the doorway of the building at 2702 East 83rd street; that he heard a crash, looked up, and saw the car rolling along the curb; that the car then swung over to where there was no curb and went right against the fire hydrant; that the parked car was caused to run along the curb because of the impact of the other car; that when it came to a stop it was right alongside the other car at an angle; that the right front wheel of the car came into the parkway and the other wheel was on the street; that the rear part of the Chevrolet was struck by the other car, the tire was blown, the axle bent and the bumper and fender were torn off; that Mary Jane Storen was pinned against the fire hydrant by the front end of the Chevrolet and was injured.

One Taylor, a consulting engineer, was called on behalf of plaintiff and testified that the purpose of a curb is to definitely establish the line of the roadway and to segregate the roadway line from the rest of the right-of-way and act as a curb for vehicle traffic and pedestrian traffic, to keep vehicles off parkways, sidewalks, etc.; that curbs are not used for purposes of drainage, but that the gutter is used for the drainage.

No question is raised on this appeal as to the size of the award.

Apparently the only question for decision is whether or not the city of Chicago would be liable in permitting an opening to be made and remain in a curb for a space

approximately 10 feet 5 inches, which would permit uncontrolled automobiles or other vehicles to go off the street and onto the sidewalk, thereby endangering persons in the exercise of ordinary care for their own safety, and further in permitting this condition to exist for a period in excess of 10 years.

It further appears from the evidence that there was no driveway established at this point. It is apparent that the city recognized as dangerous a condition such as the one presented in the instant case when it made the provisions as set forth in the Revised Chicago Code 1931, Art. II, secs. 856 to 861, inclusive, wherein it is provided, among other things, that before any one is permitted to install a driveway it must be by special permit and a bond shall be provided in the penal sum of $10,000 on the condition to keep and save harmless the city of Chicago against all liabilities, judgments, costs, damages and expenses which may in any wise come against said city in consequences of the granting of said permit.

Whether or not a municipality is guilty of negligence in each case depends upon the facts and circumstances in relation thereto.

In the case of *Caruso v. City of Chicago,* 278 Ill. App. 247, the plaintiff while hurrying toward a motorbus stumbled over a water valve box which was maintained by the defendant city in the parkway between the curb and sidewalk, and which protruded several inches above the ground and was partially covered with snow. It was held, in an action for resulting injuries, that a verdict in favor of the plaintiff was not against the weight of the evidence on the question of defendant's negligence. Counsel argued that the city owed no duty to a pedestrian traveling over the sidewalk, parkway and street, to exercise care to see that the pipe or box was not such obstruction as was liable to injure such pedestrian, crossing the parkway in the exercise of ordinary care, and that the evidence did not disclose

any actionable negligence. The court cited the case of *Brennan v. City of Streator,* 256 Ill. 468, and quoted with approval from that decision, as follows: "Not all parts of all streets are needed for public passage, and it is customary and lawful for cities to improve certain parts of the streets for the use of vehicles, certain parts for foot passengers, and to permit other parts of some streets not required for these uses to be occupied by trees, hitching posts, hydrants, flower beds, stepping stones, poles for telephone or telegraph wires, or wires for the transmission of electricity for light or power. Such obstructions do not constitute a violation of the duty of the city toward the public if the street still remains reasonably safe for those using it in vehicles or on foot and exercising ordinary care. But the question arises in each case whether the obstruction is of such a character that the passenger using the street or the sidewalk in the ordinary way and using ordinary care for his own safety is exposed to an unnecessary and unreasonable risk. This is usually a question of fact, but it may become a question of law where the obstruction is of such a character that reasonable minds cannot differ about it. The present is not such a case. It cannot be said, as a matter of law, to show a want of ordinary care for a person desiring to pass a party of walkers taking up the whole walk to step on the sod a few inches to one side of the brick or stone or concrete sidewalk. It is not an unusual thing, and what is not unusual is to be anticipated. It is negligence for one whose duty is to use reasonable care to make conditions safe, to provide conditions which are unsafe under circumstances which ought to be anticipated. At least it was a question of fact which was proper for submission to the jury whether the valve-box, constructed and located as it was with reference to the sidewalk, was so dangerous a menace to persons using the sidewalk with ordinary care as showed a want of ordinary care for

their safety on the part of the city in permitting it to remain there.''

We do not think it an unreasonable requirement that the city should anticipate that an automobile parked along the curb when struck would move parallel with the curb until it reached a point of no resistance and it would then pursue that course. Where the crown of the street was higher than the curb and the point of least resistance was a cut down section of the curb, and served no useful purpose whatsoever, naturally when the automobile was driven in that direction, finding nothing to interfere with its progress owing to the absence of the curb, it ran on to the fairway. The parked automobile did not go over a three or four inch curb when the impact first occurred but traveled several feet until it reached the depression. Had the curb been in a reasonably safe condition, the accident unquestionably would not have occurred.

In *City of Chicago v. Seben,* 165 Ill. 371, where the plaintiff was injured by stepping into the catch basin of a sewer, the court held that the city was not relieved from liability when the plan devised and put into operation left the streets in a dangerous condition for public use. The court at page 383, stated: ''. . . where the city has adopted a plan and created an existing condition in a street in pursuance thereof, if that condition renders the street unsafe, the city must go further and perform the duty cast upon it, growing out of the statute, to exercise ordinary care to make the street, thus encumbered with the product of its plan, reasonably safe for public travel.''

So, in the instant case, while it is true that the city is not obligated to put in a curb, nevertheless it having adopted a plan of putting in curbs on city streets, we believe it to be the duty of the city to guard against such parkways and sidewalks being rendered unsafe owing to the lack of a curb. It is well-known that it is of the utmost importance that curbing serves as a protective measure to pedestrians and the city is obligated

to keep the streets and sidewalks free from obstruction and in a reasonably safe condition.

The principal case cited by the city as justifying its action is that of *Boender v. City of Harvey,* 251 Ill. 228. That case, as we understand it, was decided on the question of whether or not the city had notice of a large stone in the street over which a milkman, who was delivering milk, fell and was injured. The court in that case decided that there was not sufficient notice to the city.

In the instant case the city apparently recognized that the jury should pass upon the facts in the case as to the liability of the city, when it caused the following instruction to be given on behalf of defendant:

''20. The court instructs the jury that under the law, the defendant the City of Chicago is under no duty or obligation to construct on its streets any curb or curbs of any particular size, height or kind; but in the event the defendant does construct any curb or curbs, the law imposes a duty on said defendant to keep said curb or curbs in a reasonably safe condition.'' We think this properly states the law and the jury after considering that instruction properly found the defendant guilty.

No question is raised as to contributory negligence on the part of plaintiff, she being a child of seven years. She was entitled to be on that part of the parkway where the accident occurred.

For the reasons herein given the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

BURKE, J., dissents: The manner in which the curb was constructed or maintained was not the proximate cause of the injuries. The injuries were caused by the car proceeding west on 83rd street, striking the parked Chevrolet automobile, combined with the failure of the owner of the parked car to set his brakes.