(No. 25375.—

MARY JANE STOREN, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 10, 1940.*

FARTHING, J., dissenting.

BARNET HODES, Corporation Counsel, (ALEXANDER J. RESA, and L. LOUIS KARTON, of counsel,) for appellant.

JOSEPH D. SHANE, (GILBERT A. SIEGEL, and LESTER E. WILLIAMS, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Mary Jane Storen, seven years of age, by her next friend, brought an action against the defendant, the city of Chicago, in the circuit court of Cook county to recover damages for personal injuries. A jury returned a verdict for $15,000 in favor of the plaintiff, and judgment was entered upon the verdict. An appeal prosecuted by the defendant has resulted in an affirmance by the Appellate Court for the First District. (*Storen* v. *City of Chicago,* 300 Ill. App. 574.) We have granted the defendant's petition for leave to appeal and the record is before us for further review.

A review of the evidence is required, so far as it is pertinent to the determination of the propriety of the refusal of the trial court to direct a verdict of not guilty in favor of the defendant at the conclusion of plaintiff's evidence and, again, at the close of all the evidence. About 5:00 o'clock in the afternoon of November 22, 1935, the plaintiff, together with several other children, was playing near a fire hydrant, located in the center of a parkway or grass plot between the paved portion of a street and a sidewalk on the north side of Eighty-third street near its intersection with Marquette street, in Chicago. A Chevrolet automobile owned by Edward Filmanowicz, parked east of the hydrant on the north side of Eighty-third street in front of his drug store, was headed west. Another automobile

traveling west on Eighty-third street struck the parked car from the rear with such force that it was propelled along the street curb in a westerly direction. Reaching a point where there was no curbing, the Chevrolet car veered to the north onto the parkway, and pinned the plaintiff against the hydrant. The extent of the serious injuries sustained by her is not questioned. When the pavement and curb were constructed in 1926 a section of curbing ten feet five inches in length near the location of the hydrant was omitted, for the purpose, according to the defendant, of a driveway. No driveway has since been constructed.

A consulting engineer, testifying in behalf of the plaintiff, stated that there is no real break in the curb at the place where the Chevrolet car rolled onto the parkway, explaining this is where the curb had been lowered to the grade of the pavement and is flush and level with the pavement of the street. He added that the purpose of a curb is to definitely establish the line of the roadway, to segregate the roadway line from the rest of the right-of-way, to act as a barrier for vehicular and pedestrian traffic, and to keep vehicles off parkways and sidewalks. He testified, further, that gutters, rather than curbs, are used for drainage purposes. A civil engineer, a civil service employee of the defendant for many years, testified in its behalf that the purpose and object of a curb is to assist in drainage of the street and to form a transition from the street surface to the parkway surface; that the parkway surface, for the convenience of pedestrians, is maintained at as uniform a level as possible, whereas the street surface is sloped, has a grade, to carry the water from the point where it falls to the catchbasin, where it enters the sewer; that the uniform grade of the sidewalk and the diverging grade of the pavement cause a difference in elevation at the edge of the pavement, and that the curb is the means used to harmonize the two and confine the water which falls on the pavement and guide it to the sewer. The pavement at Eighty-third

street where it intersects with Marquette street was constructed under the supervision of this witness. He added that the curb between the fire hydrant and a telegraph pole, approximately six inches east of the east side of the depression in the curb, is a standard concrete combined curb and gutter; that its major purpose is to prevent the flow of water from the street into the parkway and, instead, to guide the water to the sewer; that it also prevents the dirt in the parkway from running over onto the pavement, and that as this particular curb is cut out it will drain the water.

The issue presented for decision is whether the construction and maintenance by the defendant of the opening in the curb for use as a driveway constituted negligence, and, if so, whether such negligence was a contributing cause of plaintiff's injuries. Admittedly, the negligence of the person driving the automobile which struck Filmanowicz's parked car was the immediate cause of plaintiff's injuries. The question remains, did defendant's negligence, if any, also render it accountable to plaintiff. In short, was the condition of the curb, in legal contemplation, a direct contributing cause of the injuries suffered by the plaintiff. Where two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action. (1 Cooley on Torts (4th ed.) p. 276ff, sec. 86; 62 Corpus Juris, (Torts,) sec. 45.) If, however, a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. (*Seith* v. *Commonwealth Electric Co.* 241 Ill. 252.) Obviously, the depression in the curb in the present case did nothing more than furnish a

condition and, if it constituted negligence on the part of defendant, was not an act concurrent with the negligence of the driver of the automobile which struck the parked car. The action of the driver, moreover, was not such as in the exercise of reasonable diligence the defendant would have anticipated, nor was the driver under the defendant's control.

Even if it be conceded that the condition of the curbing at a point where the accident occurred contributed to the injury, the question must still be decided whether this particular condition was a negligent one which might reasonably have been anticipated as a contributing cause to an accident such as the one in controversy. This condition was present conformably to the plans for the pavement at the intersection of Eighty-third and Marquette streets, prepared by an engineer, employed by the defendant's board of local improvements, in charge of the paving construction of streets in Chicago. The character of the curb on Eighty-third street in the block immediately east of Marquette street presented an ordinary engineering problem, common to all provisions for paving and constructing streets. A curb is not necessarily a part of the sidewalk other than to prevent the overflow of water from inundating the sidewalk. Curbing, it may well be remembered, was provided and had been in existence for the purpose of drainage long prior to the advent of automobiles. Ordinarily, sidewalks would be safe without curbs, if used for the purpose intended. A municipal corporation is not bound to keep its streets and sidewalks absolutely safe for persons passing over any part of them, its duty being to exercise ordinary care to keep them reasonably safe for persons who exercise ordinary care. (*Brennan* v. *City of Streator,* 256 Ill. 468; *Boender* v. *City of Harvey,* 251 id. 228; *Kohlhof* v. *City of Chicago,* 192 id. 249.) Municipal corporations, not being insurers against accidents, are not liable for every accident occurring within their limits from defects in the streets, but the defects must be such as could have been foreseen

and avoided by ordinary care and prudence on the part of the municipalities. (*Boender* v. *City of Harvey, supra;* 43 Corpus Juris, (Municipal Corporations,) sec. 1785 (4).) Sidewalks are intended for the use of pedestrians and the duty of a city is to build and maintain them in a reasonably safe condition for the purpose for which they are intended. There was nothing defective in the construction of the sidewalk in question which was in any way dangerous for the purpose it was intended to serve. The defendant was not expected to anticipate unusual or extraordinary happenings.

It must be conceded that in order to have a driveway to permit ingress and egress of vehicles to and from property adjoining streets a depressed curb is necessary at the point of entry. A driveway across a sidewalk, it has been held, does not of itself establish that the sidewalk was in a condition unfit for public travel or that the municipality was negligent in its maintenance. (*Burns* v. *City of Pittsburgh,* 320 Pa. 92.) As pertinently observed in *Heaney* v. *Colonial Filling Stations, Inc.* 159 N. E. (Mass.) 916: "A driveway affording access to private property from a public way is not unusual. It is essential to the ordinary and common construction of ways for public travel." Since the existence of a driveway is not, in itself, a defect, it necessarily follows that a depression in the curb for that purpose does not constitute a defect. A contrary rule would require a city to provide curbs the entire length of its streets and to prohibit driveways to private residences. Irrespective of whether the major function of a curb is to separate vehicular from pedestrian traffic, or, on the other hand, to aid drainage, the depression to permit the construction of a driveway by the abutting property owner in the instant case created neither a defect nor an obstruction in the curb. The condition created by cutting down the curb for a driveway opening did not constitute actionable negligence in its inception. Although considerable time has elapsed since the curb was depressed to permit the construction of a drive-

536

way, without the space thus provided having been actually used as a driveway, the mere fact of its continued existence did not convert an originally harmless condition into one of imminent danger. The circumstances attending the accident were of an unusual and extraordinary character which could not have been contemplated by the defendant, and we find it difficult to perceive how the actual existence of a driveway would have made any difference. The evidence conclusively demonstrates that the curb was well built and that there were no defects or obstructions in or on it. Manifestly, the lack of a curb cannot be said to have been in any way a contributing cause of plaintiff's injuries.

But one reasonable inference can be drawn from the essential undisputed facts. The decisive issue presented was, accordingly, a question of law, (*Boender* v. *City of Harvey, supra,*) and the motions to instruct the jury to find defendant not guilty should have been granted.

The judgments of the Appellate Court and the circuit court are each reversed. *Judgments reversed.*

Mr. Justice Farthing, dissenting.