(No. 4719-)

JOHN HERBERT LINK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

FRED P. SCHUMAN, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On May 6, 1954, at or about the hour of 1:50 A.M., claimant, John Herbert Link, was involved in an automobile accident, allegedly due to negligence on the part of the State of Illinois to properly maintain the shoulder of State Route No. 35A, and failure to properly post with appropriate signs an alleged dangerous curve on said highway. As a result of the automobile accident, claimant now seeks to recover for personal injuries and damages to his motor vehicle in the sum of $7,500.00.

Some hours prior to the accident, on May 5, 1954, at or about the hour of 10:30 P.M., claimant, accompanied

by his wife, now deceased as a result of the accident, left their home, located in Granite City, Illinois, for the purpose of eating dinner at a restaurant known as "The Pines", located in Collinsville, Illinois. Claimant was driving his 1951 Chrysler New Yorker club coupe automobile.

In order to reach his destination, claimant proceeded across a portion of the highway, known as State Route No. 35A, which is now in question. The evidence shows that the weather conditions on May 5, 1954, and the early morning hours of May 6, 1954, were clear, and that State Route No. 35A was dry.

Upon reaching the Pines Restaurant, claimant and his wife had one or two drinks, in addition to their meal, which caused them to stay at this location a period of some three or four hours. At approximately the hour of 1:30 A.M., on the morning of May 6, 1954, claimant and his wife began their journey home by following the same route, which they had proceeded upon to get to the restaurant.

At the time and place in question, claimant contended he was traveling at approximately 25 miles per hour, proceeding in a general southeasterly direction. While traveling on State Route No. 35A, a short distance from State Route No. 162, the right front wheel of claimant's automobile left the highway. In an attempt to maneuver his vehicle back onto the paved portion of the highway, claimant lost control of his car, and, as a result, it turned over and rolled down a slight embankment on the left side of State Route No. 35A.

Claimant alleged there were weeds growing approximately three to four feet in height on both shoulders of State Route No. 35A. There was also considerable testimony by claimant that Route No. 35A, at the point of the accident, was inadequately marked, so as to notify

users of the alleged dangerous conditions of the highway.

The law in the State of Illinois is clear that, in order for a claimant in a tort action to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois,* 22 C.C.R. 328, 334; *Bloom* vs. *State of Illinois,* 22 C.C.R. 582, 585. It is also a well known proposition of the law that the State is not an insurer of all persons using its highways. *McNary* vs. *State of Illinois,* supra; *Bloom* vs. *State of Illinois,* supra. However, a person is not entitled to recover where the facts show he has been guilty of contributory negligence.

The doctrine of contributory negligence has been applied by this Court in the cases of *Doolittle* vs. *State of Illinois,* 21 C.C.R. 113, and *Mounce* vs. *State of Illinois,* 20 C.C.R. 268, which are similar in nature to the instant case. In the cases cited, the Court held that to approach a place of known danger without care commensurate with such danger is contributory negligence. Similarly, the Court held that, where one has earlier the same evening driven over a certain stretch of highway, he is charged with a knowledge of its condition so long as the condition is unchanged on his return trip.

The facts in the instant case show that claimant did travel across a portion of the highway in question a few hours prior to the accident, and, therefore, had or should have had knowledge of the condition of the highway at the place in question. The fact that claimant had knowledge of the condition of the highway is substantiated by claimant's own testimony that he was traveling 25 miles per hour, which would appear to be a reasonable speed to negotiate a safe journey around the curve on State Route No. 35A. In view of the fact that claimant failed

to show any intervening force, which caused his vehicle to leave the paved portion of State Route No. 35A, it must be concluded from the evidence that claimant was negligent in the management and control of his vehicle, and, as a result, this Court must necessarily find that the proximate cause of the accident was claimant's negligence.

In view of the foregoing, the claim must be denied.