(No. 76-CC-1125-■

IMOGENE LINEBAUGH, Administrator of the Estate of LARRY JOE JACKSON, Deceased, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1981.*

CLIFTON THURSTON, of THURSTON & ASSOCIATES, for Claimant.

TYRONE C. FAHNER, Attorney General (OWEN LIERMAN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a cause of action brought by Claimant Imogene Linebaugh as administratrix of the estate of Larry Joe Jackson, deceased, against Respondent, the State of Illinois, for the death of Claimant's intestate, which occurred on January 19, 1974.

Claimant alleges that at approximately 3:30 a.m. on January 19, 1974, Claimant's intestate was a passenger in the back seat of a vehicle being operated along an access road to Fort Defiance State Park in Alexander County, Illinois. The access road lies to the east of U.S. Highways 6 and 62, and is approximately 160 yards south of Illinois State Police Headquarters Sub-post 13-A.

At the time of Claimant's death, the Mississippi River, which lies near the scene of this accident, was flooded to a depth of approximately 10 feet above the level of the access road at the bottom of a small hill. It is alleged that the vehicle in which the Claimant was a passenger went into the flood waters of the Mississippi and Claimant's intestate was drowned.

Claimant alleges that Respondent was negligent in failing to warn the drivers of motor vehicles that flood waters crossed the access road and that Respondent negligently failed to place barricades, flare signs or other warnings on the road. Janet McMillen, a passenger in the vehicle at the time of the death of Claimant's intestate, testified that at the time one turns on the Fort Defiance

State Park Road, the access road is level for 300 to 500 feet. As the car turned into the access road, the witness turned to look over the front seat of the car into the back seat and when she looked back, water was splashing on the windshield. The witness, Janet McMillen, stated that there was no barricade on the Fort Defiance access road. The witness described the scene of the accident as being a sudden dropoff on the asphalt access road. The car floated into the river and the witness was able to get out through the passenger side window.

A State Trooper called by the Claimant, Bill Story, testified that he was working the 6:00 a.m. to 2:00 p.m. shift on January 19, 1974, out of the sub-station 13-A location near the scene of the accident. The officer described the lay of land at Fort Defiance as being very low-lying land so that where the sub-station is located as well as certain bridge approaches, the land has been filled to a height of 50 to 60 feet above the natural terrain. As one drives in the entrance to Fort Defiance State Park there is an immediate drop in the access roadway.

Officer Story said that the question of whether there was a barricade on the road was discussed at the scene of the accident. The front of the automobile was examined and no evidence of damage from contact with the barricade was found. Barricades in the area were leaning against the guard rail, facing the entrance to the park. Officer Story said there had been barricades on the road, but people kept removing the barricades and somebody would have to put them back up. People had formed a habit of using the road as a boat ramp during the flood and they were removing barricades from time to time. Officer Story said that no effort was made to secure the barricades by nailing or chaining to keep them from being removed. No signs were placed advising persons

not to remove the barricades. Officer Story identified the dropoff on the access road as being similar to coming off of a levy or a steep railroad crossing.

Officer Story indicated that he himself had had to replace the barricade across the Fort Defiance access road after it was removed. Other officers had replaced the barricades. Also, Officer Story testified that the area of the access road in this accident was well lit in the night time by vapor lights from sub-station 13-A, but that the lower side of the embankment is dark.

William Collins, the site manager at the Fort Defiance State Park, was called as a witness for the Claimant. Collins has been site manager for 17½ years. Collins testified that it was his normal procedure to barricade the entrance to the park when there is a flood. Collins erected a barricade four feet long and one foot wide, bearing the notation "Road Closed", approximately five days before the accident in question. The lettering on the sign was 3 to 4 inches high. Collins testified that the barricade was placed on the left half of the highway, leaving the right portion of the highway open because people were using the access road as a boat ramp during flood times. Collins testified that he had seen situations when the barricade had been removed and that he would check the barricade every two or three days. Collins said he had no one else check on it.

Claimant testified that she was the mother of decedent Larry Joe Jackson, as well as the administratrix of his estate. She testified that the decedent was 25 years old when he died.

Mrs. Linebaugh testified that Larry was the man of the house and that after graduating from high school he worked at the IGA store full-time. Prior to his death, he

had become a meat cutter. The decedent was employed at the IGA store at the time of his death and had worked the same night of his death.

The law in the State of Illinois is abundantly clear. In order for a Claimant in a tort action to recover against the State, he must prove that the State was negligent and that such negligence was the proximate cause of the injury; further, Claimant must show that Claimant used the exercise of due care. (*McNary v. State of Illinois*, 22 Ill. Ct. Cl. 328; *Link v. State of Illinois*, 24 Ill. Ct. Cl. 69.) This court has held many times that the State is not an insurer of all persons traveling upon its highways. *McNary v. State of Illinois*, 22 Ill. Ct. Cl. 328; *Link v. State of Illinois*, 24 Ill. Ct. Cl. 69.

It is clear in the case at bar that there was no evidence of contributory negligence on the part of the decedent or decedent's heirs. It is also clear that Respondent was guilty of negligence in failing to adequately protect persons in automobiles from utilizing the Fort Defiance access road during floods. The evidence is clear that an extremely dangerous condition existed which was known both to the site manager of the Fort Defiance Park as well as to State Police officers. A preponderance of the evidence in this case establishes that a person or persons unknown had removed the small barricade from the access road and it had not been replaced prior to the time that the vehicle in which the decedent was a passenger came upon the scene of the accident.

The decedent was employed full-time and contributed substantially to a household occupied by his mother.

It is our opinion, based upon the facts in this case,

68

that an award should be entered in the amount of $25,000.00 and an award is hereby entered in that amount in favor of Claimant.