(No. 80-CC-1338—)

DONNA FELDMAN, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed April 12, 1984.*

REIBMAN & HOFFMAN, LTD. (SHELDON N. REIBMAN,
of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ANDREW R.
JARETT, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant, Donna Feldman, seeks damages for
personal injuries she sustained when her car went over a
snowbank which covered an entire median divider and
was struck by another automobile coming from the
opposite direction.

Basically, the facts of the accident as adduced by

testimony are not in dispute. On February 18, 1979, at approximately 9:00 a.m., Claimant was driving north on the Edens Expressway and at about 5800 North, Claimant's car was sideswiped by a "hit and run" van causing Claimant's vehicle to swerve onto the median divider which was completely covered with snow. Claimant's car went over the median divider and was struck by another automobile travelling in the southbound lanes of the Edens Expressway. It is not contested that Claimant suffered severe injuries as a result of this accident.

Apparently, the snow had been plowed onto the median in such a way as to create what amounted to a ramp (as described by Claimant) up and over which her car was propelled causing her to land in the southbound lanes where she was struck.

Essentially, the Claimant contends that the State had a duty to maintain the highway in a safe manner and that by plowing snow onto the median in such a way as to create a ramp, the State breached its duty and in fact negligently created a dangerous condition on the expressway.

The Respondent's contentions, however, with which we must unfortunately agree are that: (1) the State exercised reasonable care under the circumstances, (2) this type of accident was not reasonably foreseeable, (3) the State had no prior knowledge of the alleged dangerous condition, and (4) the State's plowing technique creating the ramp was not the proximate cause of the injuries sustained.

This Court has held on numerous occasions that the State of Illinois is not an insurer of every accident which occurs upon its public highways. (*Link v. State* (1969), 24 Ill. Ct. Cl. 69; *Palecki v. State* (1971), 27 Ill. Ct. Cl. 108.) The State of Illinois is charged only with maintaining its

highways in a reasonably safe condition and with using reasonable diligence in doing so. (*Garrett v. State* (1956), 22 Ill. Ct. Cl. 343.) We have also held that the State's duty of due and reasonable care extends to maintenance of the shoulders of roadways for the uses for which they are reasonably intended. *Welch v. State* (1966), 25 Ill. Ct. Cl. 270.

We are not unmindful of the fact that the winter during which this accident occurred was one of the worst winters in the history of Chicago. Respondent's witness, Joseph J. Kostur, Jr., who was in charge of the plowing operations for this sector for the Department of Transportation, testified that crews had been plowing the highways 24 hours each day for two or three days prior to the accident. In addition to the plowing, the road surfaces were also treated with salt. The nature of the plowing equipment used by the Department of Transportation is such that snow is plowed to the side of the roadway and deposited on both the shoulder and the median, thus clearing the roadway for the monitoring public, but creating mounds of snow on the shoulders and medians which cannot be removed unless they are actually shoveled onto a truck and carried away. Under the severe weather conditions as existed during this time in Chicago, we believe the State's first duty is to clear the major roadways for use by the public and we can ask of the State nothing more than to use all available equipment and manpower. In keeping Edens Expressway open for traffic, we believe the State met its duty.

In order for Claimant to recover, she must also prove that the State had actual or constructive notice of the dangerous condition that existed on the median strip. As we review the record, there was certainly no proof, in fact, no allegations of actual notice of the alleged dangerous condition. As to constructive notice of a dangerous

condition, each case must be decided on its own facts. (*Palecki v. State, supra*.) In the instant case, the Claimant has not proved that the State had knowledge or should have known of any dangerous condition. In fact, Mr. Kostur testified that there had never been any accidents involving snow plowing procedures which created a ramp effect. Even if the ramp could be considered dangerous, that alone does not constitute negligence on the part of the Respondent, as was set forth in *Palmer v. State* (1964), 25 Ill. Ct. Cl. 1: "The mere fact that a defective condition existed, if, in fact it did exist, is not in and by itself sufficient to constitute an act of negligence on the part of the Respondent". The Claimant has not established by any evidence that the State knew or should have known of the allegedly dangerous condition created by the plowing of the expressway. Therefore, there is no proof that the Respondent was negligent.

Even assuming the State negligently created a dangerous condition on the median divider, which we reject, such negligence merely created a condition and was not a concurrent or proximate cause of the accident. In *Storen v. City of Chicago* (1940), 373 Ill. 530, 27 N.E.2d 53, the court held that the maintenance of a depressed curb did not constitute a concurrent cause of plaintiff's injury when a third party struck a parked car which was propelled along the street curb until it reached an opening in the curb at which point it careened onto the parkway injuring plaintiff. The court stated that even if the maintenance of the depressed curb constituted negligence, such negligence was not an act concurrent with the negligence of the driver who struck the parked car. The court held that the depressed curb did nothing more than furnish a condition and that the proximate cause of the accident was the negligence of the driver who struck the parked car. The court stated:

"If, however, a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." 373 Ill. 530, 533, 27 N.E.2d 53, 55.

The record in this case is clear that Claimant was struck by a hit and run van causing her to lose control of her vehicle, which in turn caused her to careen into (in this case over) the median. We find, therefore, that the proximate cause of the accident was the negligence of the driver who struck Claimant's vehicle. The Court regrets this unfortunate occurrence but is of the opinion that this claim must be denied.

It is hereby ordered that this claim be, and hereby is, denied.