(No. 82-CC-062▮

ROOSEVELT McCOY, JR., ANNETTE GRIFFIN and WILLIE LOGAN, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 27, 1985.*

RONALD M. GONSKY, LTD., for Claimants.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

On October 18, 1980, between 10:30 p.m. and 11:00 p.m. Claimant Roosevelt McCoy, Jr., drove his automobile through a safety zone marked by flares and

collided with Respondent's tow truck. Claimants Willie Logan and Annette Griffin were passengers in the McCoy automobile at the time of the incident. Claimants McCoy and Logan seek damages from the State of Illinois and allege that Robert Hanson, the State driver, negligently backed the Respondent's tow truck into Claimant McCoy's car.

Robert Hanson, who had served in the emergency traffic patrol of Chicago for 11 years, observed a four-car accident in the right-hand lane of the Dan Ryan Expressway. The wreckage was about 50 feet north of the end of the far right-hand lane of the Dan Ryan. That lane becomes the exit ramp from the Dan Ryan to the Eisenhower Expressway.

Hanson placed his tow truck immediately behind the last of the four cars in the accident. He was then approached by one of the drivers who had been involved in the accident and was told there were injured drivers and passengers. Hanson then immediately called for help on his radio.

Hanson then marked the accident area with flares to warn the approaching public of the accident. He then set several flares, one for every other white lane-marking line, along the length of the accident scene. These flares were placed along the left boundary of the right lane for five or six car lengths. Before Hanson marked the area with flares, he tried to ascertain whether he could provide first aid to any of the accident victims. The flares Hanson set usually burn for 20 minutes.

Also at the scene of the accident was a police car, an ambulance and another tow truck. At no time did any of these vehicles or the tow truck of Respondent block the exit ramp to the Eisenhower Expressway.

In addition to the line of flares which marked the scene of the accident, Hanson turned on all of the tow truck's emergency lights, which were tow revolving yellow lights, four high-intensity rear flashers, a red flasher and two roof top, high intensity flashers also alternating. The flashing blue lights of the police car were also turned on, as well as the flashing lights of the paramedics' vehicle.

Hanson then started removing the vehicles from the right lane of the expressway after he checked with the paramedics, who were assisting with the victim lying alongside the third car, to see if he could tow the third car. He was backing his tow truck toward the third car when he looked through the rear window to be certain where the paramedics were working. He was approximately two car lengths from the third car in the right lane and was backing his truck at approximately two miles per hour when Claimant McCoy's car left the center lane of the northbound Dan Ryan lanes and crossed between the tow truck and the third car. The left rear of the tow truck, which was perpendicular to the Claimant's car, hit the car's left rear quarter panel.

It appears therefore that the oncoming traffic was given ample warning by the emergency lights of the tow truck, the police car and the ambulance, all of which were visible for a very considerable distance. Despite this, the Claimant's car crossed into the area where the State was endeavoring to clear out the disabled cars so that normal traffic could resume.

There is some question raised by Claimant McCoy's testimony that he thought the flares were out, but even if they were, the flashing lights on three, and possibly four, vehicles at the scene should have given ample warning to the traveling public that there were problems ahead.

The evidence regarding the flashing lights is completely uncontradicted and Claimant McCoy admitted that the flashing lights on the lead tow truck were operating.

This case proceeds under the tort of negligence, whose elements are well defined by case law. Claimants must show by a preponderance of the evidence that Respondent owed Claimant a duty, and that duty was breached by a negligent act or omission which proximately caused a compensable injury. 89 Ill. App. 3d 865, 409 N.E.2d 336.

At no time was the exit from the Dan Ryan to the Eisenhower Expressway blocked. Testimony indicates that McCoy's automobile suddenly traversed the safety zone to gain access to the westbound Eisenhower exit ramp. This was when the accident between the tow truck and the Claimant's car occurred.

It is the Court's opinion that Respondent was in no way negligent in attempting to clear away the wreckage of the accident and that the entire fault lay with the Claimant driver.

Award denied.