(No. 87-CC-3507—

MICHAEL C. SECOR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 28, 1991.*

ZIMMERMAN & SMITH (CHARLES ZIMMERMAN, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This cause comes before the Court on Respondent's motion for a directed verdict after a hearing was commenced before a commissioner. The Claimant, being represented by counsel, presented two witnesses. Claimant offered 15 exhibits. Fourteen of the exhibits were admitted into the record without objection. The Respondent objected to Exhibit No. 7. After allowing

both parties to address the issue of admissibility of Exhibit No. 7, the commissioner took the question under advisement and reserved ruling on it. The parties were allowed to ask questions of a witness, Mr. Rakow, based upon the exhibit with the understanding that the information elicited may be stricken or disregarded in the event Claimant's Exhibit No. 7 is not admitted into the record.

After the close of Claimant's case, Respondent moved for a directed verdict. Counsel for both parties argued on the motion.

This case arises from a motor vehicle accident on July 13, 1986. Claimant testified that he was driving in a pickup truck northbound on Illinois State Route 23 on July 13, 1986. Claimant has no recall of the accident, or the events immediately preceding the accident. The complaint alleges that an automobile operated by an individual named Paul Mele collided with the pickup truck being driven by Claimant, and that the Illinois Department of Transportation had committed wrongful acts, or omissions, in relation to the intersection of Illinois State Route 23 and Kishwaukee Valley Road in the county of McHenry.

The Respondent maintains that the Court, when considering a motion for directed verdict, must determine whether Claimant has presented sufficient evidence to determine if a *prima facie* case of negligence has been made. (*Stanley v. Board of Trustees of University of Illinois* (1985), 39 Ill. Ct. Cl. 107, 110.) Respondent asserts that a claimant, when seeking recovery for alleged negligence, must show that Respondent owed a duty to claimant, that Respondent breached its duty to claimant and that duty was breached by a negligent act or omission which proximately caused the injury.

(*McCoy v. State* (1975), 37 Ill. Ct. Cl. 182.) Respondent makes an additional argument that the claimant must prove that the State had actual or constructive knowledge of the dangerous condition. *Feldman v. State* (1984), 36 Ill. Ct. Cl. 158.

Claimant disputes the standard, as stated by Respondent, to be used in the determination of a motion for a directed verdict. Claimant avers that a directed verdict should be entered only in cases in which all evidence, when viewed in an aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

The propositions of law as stated by the parties are not mutually exclusive nor are they necessarily contradictory. When considering a motion for directed verdict, the evidence presented in claimant's case must be viewed in its aspect most favorable to the opponent of the motion. The motion should be granted when all of the evidence, viewed most favorably to claimant, totally fails to establish one or more essential elements of the cause of action. *Carter v. Winter* (1965), 32 Ill. 2d 275, 204 N.E.2d 755, 758; *Rogall v. Kischer* (1971), 1 Ill. App. 3d 227, 273 N.E.2d 681; *Glover v. City of Chicago* (1982), 106 Ill. App. 3d 1066, 436 N.E.2d 623, 627.

The claimant must prove the Respondent had a duty to claimant, breached its duty and the breach proximately caused his injury. In the event claimant is attempting to prove a defective or dangerous condition caused his injury, then he must show Respondent had knowledge, actual or constructive, of the condition.

Claimant states, in his response to the motion for directed verdict, that prior to trial Respondent admitted

that the State of Illinois had control of the intersection in question. There is no indication in the pleading and documents filed with the Court that Respondent previously admitted to control over the intersection, nor did Respondent admit such at the hearing.

Claimant's response references sections 4—201.2 and 4—405 of the Illinois Highway Code (the "Code") to support his argument that Respondent was in control of the intersection. Section 4—201.2 authorizes the Department of Transportation to designate as part of the State highway system and to locate, construct and maintain highways. Section 4—405 requires the Department of Transportation to maintain all highways in the State highway system. The State highway system includes certain rural highways as described in section 2—101 of the Code. Claimant states that a larger governmental entity has a duty to maintain an intersection where intersecting roadways are maintained by different governmental units. *Burris v. Madison County* (1987), 154 Ill. App. 3d 1064, 507 N.E.2d 1267.

Claimant's argument, on the issue of whether there is evidence of the element of duty, appears to be that the State of Illinois had a duty to maintain the intersection in which he was injured. An examination of Claimant's Exhibit No. 8, a stipulation of the testimony of Thad L. Aycock of the Northwestern University Traffic Institute, an accident reconstruction expert, shows that Claimant was involved in an accident on July 13, 1986, at the intersection of Illinois State Route 23 and Kishwaukee Valley Road, McHenry County, Illinois. At the time of impact, Claimant was operating a vehicle traveling northbound on Illinois State Route 23 between 46 and 48 m.p.h., and the vehicle operated by Paul Mele was traveling Westbound on Kishwaukee Valley Road between 41 and 53

m.p.h. Aycock's conclusion is that Mele's vehicle, "could not have stopped for the stop sign" and be able to achieve 41 m.p.h., the lowest impact speed for his vehicle.

"The vehicle driven by Mele had it accelerated from a halt from the stop sign, could not have reached a speed of more than 22 mph."

Although Claimant's response does not identify any evidence in support of his control theory, review of the record indicates the following. James Rakow, superintendent of highways for McHenry County, testified that Kishwaukee Valley Road, the county highway, was a stop intersection. Illinois Route 23 was a through route. He further testified that, on July 13, 1986, the Illinois Department of Transportation maintained Illinois State Route 23 and the county of McHenry maintained Kishwaukee Valley Road. Kishwaukee Valley Road is a State highway. The State of Illinois maintained the traffic control devices. There were two stop signs, one for eastbound and one for westbound Kishwaukee Valley Road. Both stop signs were preceded by stop-ahead signs. For westbound Kishwaukee Valley Road the stop-ahead sign was located 1185 feet east of the intersection. The stop signs were present at the intersection for the last 21 years. Rakow stated that, "in the late 70s or early 80s we" painted lines across the highway at the subject intersection to warn motorists that there was a stop ahead.

Rakow testified that his office keeps a file of accident reports for the previous five years that were given to them by the sheriff's department and by the State Police. Prior to July 13, 1986, there were several accidents at the subject intersection. Claimant's Group Exhibit No. 7, consisting of seven pages, was identified as all accident reports that were received from the McHenry sheriff's county police of accidents that

occurred from 1980 through 1985. Throughout that time period, the stop signs, the stop-ahead signs and the white stripes painted across the roadway were present.

Claimant requested that Claimant's Group Exhibit No. 7 be admitted into the record and the Respondent objected on the basis that the exhibit contained police reports and as such was hearsay and not admissible. Claimant asserted that the exhibit was being offered to prove notice to the State that the intersection in question is dangerous. A ruling was reserved on the question of admissibility. Without ruling on admissibility, we have considered the exhibit for purposes of determining the motion for directed verdict.

Rakow noted that overhead beacons, in yellow and red variety, were available on July 13, 1986. Rumble strips were also available for installation on July 13, 1986. Rumble strips have never been used in McHenry County and it was Rakow's opinion that rumble strips would not be installed on the county highway system. He testified that he had very severe reservations about whether the use of rumble strips is a proper traffic control device.

Based upon a review of all evidence admitted into the record, the Court finds the evidence, when viewed in its aspect most favorable towards Claimant, so overwhelmingly favors movant that no contrary verdict could ever stand.

Claimant has not presented any evidence of a breach of the duty by the Respondent which caused injury and has not provided evidence that Respondent had notice of a defective or dangerous condition. The evidence presented, when viewed in its aspect most favorable towards Claimant, totally fails to establish one or more essential element of Claimant's negligence cause of action.

Claimant argues that he introduced testimony that the intersection was not properly maintained. He does not point to, or identify, the specific evidence that supports his conclusion. No testimony is apparent from the transcript of the hearing that would be in support of the conclusion that the intersection was not properly maintained.

There is no evidence that the State of Illinois was negligent in the maintenance or design of the intersection. Claimant asserts that additional traffic control devices or warning devices were available but not present at the intersection and that this is sufficient to create *prima facie* proof of breach. Claimant does not specify what devices are being referenced, nor does he state how the lack of the devices would prove that Respondent breached its duty to Claimant. Rakow only testified that overhead beacons were available in yellow or red lights. He did not describe how the beacons operate, or what the benefits would be if installed. He did not state an opinion as to whether the beacons should be installed at the intersection.

In viewing the evidence in its aspect most favorable to Claimant, we find that it totally fails to establish the Respondent breached its duty to Claimant.

In ruling upon the issue of notice of a dangerous or defective condition, the only pertinent evidence is represented by, and contained within, Claimant's Exhibit No. 7.

We find that the evidence, viewed in its light most favorable to Claimant, still totally fails to establish notice of a dangerous or defective condition because the exhibit, together with Rakow's testimony that he received the reports from the McHenry sheriff's county police, only

establishes that he and the sheriff had notice of the accidents and does not establish Respondent had any notice. Additionally, the occurrence of accidents does not mean the intersection is a *per se* dangerous or defective condition. The cases cited by Claimant are inapposite to the issue at bar.

The Respondent's motion for a directed verdict is granted.

It is ordered, adjudged and decreed that the Respondent's motion for directed verdict is granted, and the claim is dismissed and forever barred.