(No. 83-CC-2158–)

ISRAEL RAMOS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1992.*

ROBERT S. KOSIN, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (TERRY ARNOLD, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant, Israel Ramos, seeks compensation for injuries sustained while in a shower room of the Pontiac Correctional Center on January 14, 1983.

On the date in question, Mr. Ramos was trying to shut a window in the shower room. The window was old and rusty with wire-reinforced glass. The Claimant testified that, as he attempted to close the window which was stuck, the glass broke and his hand went through the window. He received a 4 to 4½″ cut that required 12 stitches to close.

There is no dispute that the Claimant cut his right hand in the shower room. The issue is whether the State of Illinois is liable for the Claimant's injury. For the Claimant to succeed on his claim, he must establish by a preponderance of the evidence that the Respondent owed the Claimant a duty, that the duty was breached and that said breach was the proximate cause of the Claimant's injury. *McCoy v. State* (1985), 37 Ill. Ct. Cl. 182.

The State owes a duty to prison inmates to provide reasonably safe conditions. (*Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.) Where a window is available to be opened and shut by inmates, the State's duty would be to provide a window that would be safely operable with reasonable use. The State provided a window with wire reinforced glass, as is often found in institutions and public buildings. We do find that when the window mechanism would not operate due to rust and age, the State could anticipate efforts would be made, nonetheless, by inmates to close the window in light of the January air coming in. Thus, the State breached its duty to have a safely operable window.

The Claimant testified that various people were present in and around the shower room at the time of the injury, but neither party has introduced testimony from these potential witnesses. By agreement, the State introduced the Claimant's psychiatric record, but there is no evidence either by expert testimony or direct witnesses as to the Claimant's attitude or probable attitude at the time of the injury. Therefore, this Court will make no finding based on the psychiatric record.

We do find that the Claimant used unreasonable or excessive force to try to close the window. Evidence of such force is that the Claimant put his hand through the

wire mesh window. We do not believe that expert testimony or demonstrations are required in this claim to establish the fact that it takes substantial force for a person to put his hand through a wire mesh window. Rather, such is a fact of common experience and we will judicially recognize it. We find that the force used by the Claimant was 50% of the proximate cause of the injury and the condition of the window was 50% of the proximate cause of the injury. Therefore, any award shall be adjusted accordingly.

The Claimant's medical treatment was provided by the State. The Claimant did have pain and suffering at the time of the injury and during the recovery and he has the resultant scar on his arm. The Claimant testified that he still has numbness in the area of the injury. There was no expert medical testimony introduced by the Claimant as to any permanent disability or loss of use. We find that the Claimant has not proven any substantial permanent injury, but did have pain and suffering and a scar.

We, therefore, find damages to the Claimant in the sum of $1,500.00, which amount shall be reduced due to the Claimant's negligence to $750.00. We award the Claimant $750.00 in full and complete satisfaction of the damages caused by his injury.