(No. 89-CC-1550-)

CLEMENT LEE, Claimant, v. BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES FOR CHICAGO STATE UNIVERSITY, Respondent.

*Opinion filed August 22, 1995.*

CHARLES E. LINDELL, for Claimant.

DUNN, BOEBEL, ULBRICH, MOREL & HUNDMAN (DAVID S. DUNN, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a negligence claim seeking recovery for injuries suffered as a result of the collapse of a chair located at the Respondent's library. On May 31, 1988, the Claimant, Clement Lee, who was employed as a computer operator for the Board of Governors, left her office and went to the Chicago State University Library. She went there to enroll in a swimming class, and she was accompanied by a friend, Aljean Richardson. Upon arrival at the library, Lee obtained an enrollment form from a university employee. She was directed to proceed to another room to complete the form. The room was filled with chairs and desks. Lee sat in one of the available chairs. Prior to sitting in the chair, she did not notice anything unusual about it. After sitting in the chair for approximately one minute, the chair collapsed. As a result of the chair's collapse, Lee fell to the floor. She injured her left foot, left ankle, head, neck and lower back. As she was laying on the floor, she observed that the broken leg of the chair had previously been taped with black tape.

The paramedics were called to the library, and Lee was transported to the South Chicago Community Hospital.

At the emergency room, she complained of headache, back, ankle and neck pain. She was prescribed pain medication and x-rays were taken. She was admitted to the hospital and remained there until her discharge on June 2, 1988. During her stay in the hospital she was given physical therapy and traction. Heat packs were applied to her back, and pain medication was utilized.

Following her June 2, 1988, discharge from the hospital, Lee did not return to work until August 9, 1988. She testified that her rate of pay at the time of the accident was $1,275.42 per month. Therefore, she has a total lost wage claim of $2,942. Lee's medical expenses were as follows: Dr. Samowitz $85, Dr. Egwele $335, Dr. Patel $225 and the hospital $1,378.06, for a total of $2,023.06.

Lee's friend, Aljean Richardson, testified at the trial of this matter that she was with Lee at the time of the accident. Her testimony was consistent with, and confirmed the details of, Lee's version of the chair's collapse. The parties stipulated to the evidence of Dr. Howard Patel, Dean of Continuing Legal Education at Chicago State University. Via the stipulation, his testimony was that prior to the incident in question, the chair had been taken out of service for repair. The chair was set up in the hallway and turned upside down awaiting repair. No evidence was produced by either party as to how the chair was returned to service prior to the collapse.

Lee's treating physicians testified via evidence depositions. Dr. Patel, a specialist in internal medicine, testified that he examined Lee at the emergency room and observed swelling of the left ankle and left elbow, a cerebral concussion from head trauma, and trauma to the lumbosacral spine and cervical spine, left ankle, and left elbow. Dr. Patel prescribed bed rest, pain medication, heating pad, and physical therapy. Dr. Richard Egwele,

an orthopedic surgeon, testified that he treated the Claimant on June 1, 1988. He diagnosed a sprained left ankle, lower back strain, and observed some scratches on her right arm. Dr. Egwele prescribed heat applications, traction, and medication.

After her release from the hospital, Lee returned to Dr. Egwele for five visits. The doctor observed gradual improvement of the condition. He allowed her to return to work on light duty on August 8, 1988.

At the trial of this case, Lee testified she continues to experience pain in her lower back. She further testified the injury has caused her to be unable to participate in bowling and golf, her former hobbies. However, she does manage to perform daily household tasks.

It is clear that the State is not an insurer of the safety of the persons visiting its buildings. However, the State owes a duty of reasonable care in maintaining the premises. (*Berger v. Board of Trustees of the University of Illinois* (1988), 40 Ill. Ct. Cl. 120, 124.) The Claimant bears the burden of establishing by a preponderance of the evidence that the State breached its duty of reasonable care, that the breach proximately caused the injury, and that the State had actual and constructive notice of the dangerous condition. *Secor v. State* (1991), 44 Ill. Ct. Cl. 215, 217.

In this case there is no question the State had actual notice of the defective condition of the chair. As indicated earlier, the facts do not establish how, when, or by whom the chair was returned to service. However, the Claimant had a reasonable expectation that when she used the chair, it would be in a safe condition. The Respondent's failure to remove the broken chair from the premises constituted a breach of duty of reasonable care owed to

the Claimant. That breach was clearly the proximate cause of the injuries suffered by Lee.

As previously indicated, Lee lost $2,942 in lost wages and medical expenses of $2,023. She clearly established, in addition, a claim for pain and suffering and some permanency of injury.

We hereby award the Claimant ten thousand dollars ($10,000).