(No. 87-CC-0180

DEBRA O'NEILL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1993.*

GRURMAN & NATHAN (PATRICIA FLORIO, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

The Claimant brought this action against the State of Illinois for its alleged failure to exercise ordinary care and its failure to operate its premises in a reasonably safe manner for persons lawfully upon its premises. The claim arises from an accident which occurred on August 2, 1984, at the Illinois Department of Public Aid offices located at 5822 North Western Avenue in Chicago, Illinois. On that date, the Claimant was lawfully on the premises awaiting an appointment with her caseworker. While waiting to meet the caseworker, she decided to get a drink of water from a water fountain. As she approached the water fountain, she slipped and fell on her tailbone.

The Claimant testified that she did not notice any water prior to the fall. Several Public Aid employees helped her up and asked her if she would like an ambulance. The Claimant refused an ambulance and walked to her home about three blocks away. The Claimant and her mother then went to Edgewater Hospital for treatment. At the hospital, x-rays were taken, and she was referred to Dr. Arnold. Dr. Arnold gave the Claimant heat treatments on the day of the accident. She returned to Dr. Arnold to receive numerous treatments over the next 10 weeks.

The Claimant has a history of prior injuries. In 1976, she tripped and fell backwards down five stairs, fracturing her coccyx, or tailbone. In addition, she injured her lower back at that time. She never received any treatment for that injury. She testified that the pain she suffered as a result of the 1976 fall remained with her as of the date she answered interrogatories in this claim in 1986. She suffered further injury to her tailbone and lower back

during a fall in 1980. She received no medical treatment for that injury either.

For a Claimant to recover, she must show by a preponderance of the evidence that the Respondent owed the Claimant a duty, the duty was breached by negligent act, or omission to act, and that the act, or omission, proximately caused a compensable injury. (*McCoy v. State* (1985), 37 Ill. Ct. Cl. 182.) The Respondent has a duty to exercise ordinary care in maintaining its premises in a reasonably safe manner. *Fleischer v. State* (1983), 35 Ill. Ct. Cl. 799.

There is no doubt that the Respondent owed the Claimant a duty, and there was no doubt she was injured. There is a doubt that the Respondent had notice of a defective condition before the accident in question. The Claimant testified that she was in the Public Aid office on the day before the accident. She noticed on that day that the water fountain had an out-of-order sign on it. There is no testimony, or other evidence, to indicate that the water on the floor which may have caused her fall somehow resulted from the out-of-order water fountain. She did testify that the area where the water fountain was located was well lighted, and she was able to clearly see the floor.

Most importantly, the Claimant did not establish that the Respondent had notice that there was water on the floor on the day of the accident, August 2, 1984. Her testimony clearly indicated that the water causing her fall was minimal and not noticeable to the naked eye. In fact, she was only aware of the water after the fall. She simply failed to prove that the Respondent breached its duty to maintain the premises in a reasonably safe condition due to the lack of notice of the unsafe condition.

It is also fundamental that the Claimant show a causal connection between her pain and the fall in question.

There is ample evidence in the record of the two prior injuries to her tailbone and lower back area. The Claimant admitted on cross-examination that her back pain was a result of the 1976 injuries. Although the testimony on direct examination was clearly very different, the commissioner who had the opportunity to observe the witness testify clearly felt that the Claimant failed to prove her case regarding damages by a preponderance of the evidence.

For the reasons above stated, we hereby deny this claim.