(No. 89-CC-1762-

JUN HARDEMAN, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1995.*
*Order on petition for rehearing filed May 2, 1995.*

DENNIS FEINBERG, for Claimant.

JIM RYAN, Attorney General (COLLEEN MCCLOSKEY VON OHLEN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

The Claimant seeks recovery for personal injuries sustained when a chair located in the Secretary of State's office collapsed as he attempted to sit in it.

On the afternoon of July 11, 1988, the Claimant appeared at the Office of Secretary of State, Administrative Hearing Facility, at 188 West Randolph, Chicago, Illinois. Mr. Hardeman was there to participate in a hearing regarding his driving privileges. After the receptionist instructed him to find a seat in the waiting area and complete forms, he proceeded to the chair in question. The chair was a side-entry type chair which was equipped with a retractable desk top that could slide down to the side of the chair, or it could be pulled up as a desk. As Mr. Hardeman approached the chair, he pulled the desk top up to the upright position. He testified that he did not notice any evident defect in the chair. He sat down on the chair, and it collapsed. An unidentified young man helped Mr. Hardeman out of the chair and onto his feet.

Mr. Hardeman testified that after the fall, he experienced warmth and then pain in his back. He declined the receptionist's offer to call paramedics, but he was unable to proceed with the hearing. He then proceeded to the Michael Reese Health Center where he underwent a physical exam and x-rays. He was prescribed medication.

The Claimant continued to experience back pain and returned to the doctor on July 9, July 25, August 29, and

September 2, 1988. During the visit of September 2, 1988, the doctor prescribed physical therapy. He attended three sets of physical therapy in October 1988 and January and September 1989.

In January 1989 Mr. Hardeman returned to his doctor, who prescribed continued therapy and limited the Claimant's activities. His doctor noted that the Claimant had made progress by February 1990, and he discontinued treatment by 1991. Mr. Hardeman testified that he still experiences stiffness and occasionally wears a back brace. He takes aspirin for pain, and he has generally limited his physical activity since the accident.

Mr. Hardeman testified that he had a bullet removed from his calf in 1979. In 1983 he had back pain for which he was hospitalized. At that time, he received an injection in his back, therapy, and traction. He testified that from 1983 to July 1988 he did not suffer any back pain.

In support of his claim for lost wages, he testified that during the summer of 1988 he was working as a playground supervisor, earning $8.75 an hour. He testified that he incurred a loss of less than $500. In addition, Mr. Hardeman testified that he was teaching a four-hour-a-day GED program and he incurred a loss there of $400.

During the 1988-1989 school year, Mr. Hardeman was assigned as a substitute teacher in a Chicago public school. He admitted that he was not off pursuant to a doctor's order or recommendation.

It should also be noted that Mr. Hardeman did not produce any documentation in support of his wage loss claim.

Ms. Eileen Foxman, secretary to the director for the Department of Administrative Hearings, testified for the

Respondent. Her duties included property control liaison. She was responsible for the inventory of the State property and the removal of damaged property.

Ms. Foxman testified that when a report of damaged furniture was received, the item was removed and transported to Springfield. Ms. Foxman had no record nor knowledge of any other chairs collapsing. In addition, she did not know of any reports of a defective chair at the location of this incident.

The Claimant failed to produce any evidence which would indicate that the State had notice of a defect in the chair. The burden is on the Claimant to produce such evidence. (*Divis v. State* (1969), 27 Ill. Ct. Cl. 135, 137.) The Claimant has the burden of establishing that the Respondent had notice of the defect. The Respondent is not required to plead lack of notice as an affirmative defense.

The State is not an insurer of the safety of persons visiting its buildings. Rather the State owes a duty of reasonable care in maintaining the premises. (*Berger v. Board of Trustees of University of Illinois* (1988), 40 Ill. Ct. Cl. 121, 124.) The Claimant bears the burden of establishing by a preponderance of the evidence that the State breached its duty of reasonable care, that the breach proximately caused the injury, and that the State had actual or constructive notice of the dangerous condition. *Secor v. State* (1991), 44 Ill. Ct. Cl. 215, 217.

Here there was no evidence presented to the Court that the State had any actual or constructive notice that the chair was in a dangerous or defective condition.

Therefore, the Claimant has failed to meet his burden of proof as to the issue of notice. This claim is denied.

## ORDER

PATCHETT, J.

This cause comes before the Court upon a petition for rehearing filed by the Claimant. The Court previously denied this claim in an opinion filed on February 8, 1995.

In his petition for rehearing, the Claimant fails to state any grounds which would be the basis for granting a rehearing. The Court has reviewed the file and the opinion and sees no reason to deviate from its previous decision.

Therefore, the motion for rehearing is denied.