(No. 93-CC-0572—)

ESTERLENER STIMAGE, Claimant, *v.* ILLINOIS DEPARTMENT OF PUBLIC AID, Respondent.

*Order filed December 14, 1999.*

SACHS, EARNEST & ASSOC., LTD. (GARY NAHM, of counsel), for Claimant.

JIM E. RYAN, Attorney General (ELIZABETH M. SCARNO, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

This matter comes before this Court on the complaint of Claimant, Esterlener Stimage, against the Respondent, State of Illinois, Department of Public Aid. The complaint alleges Respondent's negligence and seeks an award in the amount of $15,000.

On February 25, 1992, at about 8:00 a.m., Ester-lener Stimage, hereinafter Claimant, went to the Illinois Public Aid office located at 8001 South Cottage Grove to apply for benefits. Claimant first approached the service desk to check in without incident. Claimant was directed to sit in the waiting area until she was called. Claimant was called back to the desk at approximately 9:00 a.m. As she returned to the service desk, Claimant slipped on orange juice and fell on her right side, landing on her shoulder, head and hip. Claimant testified that, immediately after she fell, a woman behind the desk exclaimed, "I told Fletcher to get that up 30 minutes ago."

Claimant was helped up and taken to a chair by a guard and declined an offer to be taken to the hospital. Instead, she called her son who picked her up and took her to South Shore Hospital where she was prescribed Tylenol for pain. Several days later Claimant went to Citywide Clinic for hot pack treatments, electric treatments to her shoulder, neck and hip. Claimant had about 17 treatments, each lasting approximately ten minutes. She claims she has not regained full range of motion in her arm, which limits her normal housework activities.

Mary John Frazier, public aid office manager, testified that, among other duties, she supervised the building maintenance at the incident location. Frazier testified that, in the normal course of business, maintenance matters would be reported to the office manager who would in turn notify the maintenance personnel. She stated that an employee could notify the maintenance personnel directly; however, that would be a deviation from normal procedure.

On the date of the incident, Mr. Fletcher was the maintenance man on duty. Fletcher's duties included exterior and interior maintenance responsibilities and

would have included clean-up of the spill if he had been so instructed. Frazier testified that on the date of the incident she did not receive any notice of the spill and therefore did not instruct Mr. Fletcher to clean it up.

The State is not the insurer of the safety of persons visiting its buildings. (*Berger v. Board of Trustees of the University of Illinois* (1988), 40 Ill. Ct. Cl. 121.) The State owes a duty of reasonable care to business invitees in maintaining the premises. (*Hall v. State* (1992), 45 Ill. Ct. Cl. 27.) Invitees assume normal, obvious or ordinary risks attendant to the use of premises. (*Thornburg v. State* (1986), 39 Ill. Ct. Cl. 139, 141.) In order for a Claimant to recover, she must show, by a preponderance of the evidence, that the Respondent owed the Claimant a duty, that the duty was breached by a negligent act or omission to act and that the act or omission proximately caused a compensable injury. (*O'Neill v. State* (1993), 46 Ill. Ct. Cl. 146.) Claimant must also prove by a preponderance of the evidence that the State had actual or constructive notice of the dangerous condition. *Hardeman v. State* (1995), 47 Ill. Ct. Cl. 292.

In this case, Claimant testified that immediately following her fall an unknown employee of IDPA shouted, "I told Fletcher to clean that up 30 minutes ago." Respondent contends that the statement is hearsay and therefore inadmissible. Claimant argues that the statement is an excited utterance and therefore should be admitted as an exception to the hearsay rule.

An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Respondent argues that the facts do not constitute a startling event. We disagree; clearly it would be a "startling event" to watch an elderly woman slip and fall to the

floor and injure herself. The incident could have been enough to elicit an excited spontaneous statement. However, Claimant's failure to establish a proper foundation for the statement is problematic. In this case the declarant was never identified and never produced for direct or cross-examination. The Court determines that the statement is inadmissible.

In the absence of the statement by the unknown declarant, Claimant has failed to establish notice. Claimant's failure to establish notice or constructive notice of the dangerous condition is fatal to her claim. *Hardeman v. State* (1995), 47 Ill. Ct. Cl. 292.

Therefore, the claim is denied.